CASPER BABERICK, Respondent, vs. MICHAEL MAGNER, Appellant.

APPEAL FROM THE DISTRICT COURT OF NICOLLET COUNTY.

An appeal to this court will not be dismissed because the notice thereof, which the statute requires shall be served upon the clerk of the district court, is addressed to the attorneys of the Respondent, instead of to the clerk.

Under the election law of March 12, 1861, the district court cannot obtain jurisdiction of a contested election except by way of appeal from the decision of the board of canvassers.

Points and authorities for Appellant.

I. The Respondent does not complain nor allege that a notice of appeal was not served both upon his attorneys, and upon the clerk of the district court within the proper time, (for such was the fact).

II. The Respondent does not deny that the notice was entitled in the proper court, and was descriptive of the order or decision appealed from, nor that the appeal was taken in good faith, and with the intention that it should be heard and determined by this court on its merits without delay.

III. The only point made is that the copy of the notice which was served on the Respondent's attorneys, and a copy of which the clerk has certified to this court, was not addressed to the clerk.   In response to this objection, we reply—

1. The statute does not prescribe the form or address of the notice of appeal, nor does the statute or the practice require that the copy served upon the Respondent's attorneys shall be addressed to the clerk, nor that the copy served upon the clerk should be addressed to the attorneys.   *Pub. Sts., p.* 621, *sec. 5.*

2. The only object of the notice of appeal is to give information in writing to the adverse party, and to the clerk, who is to make the return, that an appeal has been taken.

Baberick v. Magner.

3. It cannot be determined from the "certified copy of the notice of appeal," transferred here by the clerk below, what was the style or address of the copy of notice, which was served upon him as notice. *Pub. Sts.*, *p.* 621, *sec.* 6.

4. But if the service of a copy of the notice, which did not bear the address of the clerk, should not be deemed good practice, it is at most but an *irregularity*, and not a jurisdictional objection, so long as a notice of appeal was *in fact* served. This is well established. 2 *Whittaker's Pr.*, 176; 5 *How. Pr.*, 361; 1 *Code R.*, (*N. S.*) 67; *Id.* 21; 3 *Id.*, 145; 5 *How. Pr.*, 310; 5 *Id.*, 114; *Pub. Sts.*, *p.* 544, *sec.* 90.

5. The alleged error in this case, if any exists, is not a jurisdictional question, but an *irregularity*, and amendable in the discretion of the court, as determined by the authorities already cited. *Pub. Sts. p.* 544, *sec.* 92.

6. If there has ever been any defect in the appeal, it has been waived by the Respondent, and cured by his general appearance herein, by his regular attorneys of record. 1 *Whit. Pr.*, 425, *and authorities there cited;* 5 *Pr. R.*, 114; 7 *Id.*, 110, *pgh.* 2; 11 *Id.*, 138; 14 *Id.*, 395.

Points and authorities of Respondent.

The Respondent moves that the appeal in this action may be dismissed, for the reasons that no notice of appeal has been served as required by *sec. 5, ch.* 71, *Pub. Sts.*

The statutes require that the appeal must be made by the service of a notice in writing on the adverse party, and on the clerk with whom the judgment or order appealed from is entered. The notice served is directed to the attorneys for Baberick, and is not directed to the clerk. It does not purport to give the clerk notice of the appeal, as required. The notice could not properly be served upon the clerk; he would be under no obligations to respect the notice.

The Respondent would not be compelled to respect the notice as a notice of appeal, for it does not purport to be that, it being directed to his attorneys and not to the clerk. The notice must

appear upon its face to be such a notice as the law requires, in cases of appeal. The statutes allowing appeals must be strictly followed. *Seymour vs. Judd*, 2 *Com. N. Y. R*, 464 ; *People vs. Eldridge*, 7 *How.*, 108, *and others.*

AUSTIN & WARNER, Counsel for Appellant.

WILLARD & BARNEY, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—This was originally a proceeding on the part of Baberick to contest the validity of Magner's election to the office of treasurer of the county of Nicollet, to which the latter was declared to have been elected by the board of county canvassers at the general election held in 1863. The district court where the proceedings referred to were had, reversed in effect the decision of the canvassers, or decided that Baberick, and not Magner, was duly elected to said office at said election; and thereupon the latter appealed to this court. Each party here objects to the sufficiency of the proceedings taken by the other, Baberick moving to dismiss the appeal to this court on the ground that the notice thereof served upon the clerk of the district court, as required by the statute, was addressed to his own attorneys, and not to the clerk himself; while on the other hand Magner insists that the district court had no jurisdiction of the case, because no notice of an appeal to said court, from the decision of the board of canvassers, had been entered with the clerk, within twenty days from the day of election as required by section 31 of the election law of March 12, 1861.

We do not think that the appeal to this court should be dismissed for the cause stated in Respondent's motion. The notice of appeal to this court, specified in *sec.* 5, *ch.* 71, *Com. Sts.*, *p.* 621, is required to be served upon the adverse party for the obvious purpose of advising him that an appeal has been taken, that he may prepare himself to answer such objections as shall be urged in the appellate court, and such notice is directed to be served

upon the clerk of the district court also, not for the mere inform-
ation of that officer, and to enable him to perform his duty in the
premises, but for the more important purpose of supplying the
files with some evidence as to the character of the notice given.
That the notice served on the clerk is to be regarded as a file in
the case, is clearly to be inferred from the section immediately
following (sec. 6), whereby "the clerk with whom the notice of
appeal *is filed,*" is required to transmit a certified copy thereof
to the appellate court, with the transcript of the judgment roll;
whereas if such notice was not a file paper, but intended merely
for the benefit or information of the clerk in making out his return,
he might do as he pleased with it, and perhaps waive it altogether,
and no notice on him would in fact be necessary, except for the
purpose of holding him responsible in the event of his not making
his return to the appellate court in accordance with his duty.

The Appellant here doubtless took this view of the subject, and
therefore served the clerk with a notice identical in all respects,
including the address, with that served on the adverse party or
his attorneys.  We are by no means sure that this is not the cor-
rect practice—at any rate we deem it sufficient, as it answers the
substantial requirements of the statute, *i. e.*, the service of a
paper communicating the information that the dissatisfied party
appeals from the judgment or order, or some part thereof.  This
is the sense in which the term "notice" is used; and any paper
purporting to be a notice, which gives to the clerk this informa-
tion ought to be held sufficient.  Again, although the statute re-
quires that such a notice shall be served on the adverse party and
the clerk, it does not direct to whom it shall be in terms addressed,
nor indeed that it shall be so addressed to any one.  And if, as
we hold, the main object of serving on the clerk be, to supply the
files with the notice with which the adverse party is served, that
the sufficiency thereof may be determined when questioned, then
that object would appear to be best attained by filing an exact
copy thereof, address and all, with the clerk.  But if such be not
the object, then there is no necessity for these notices being at all
alike in phraseology, in which case the appellate court would be

unable to determine, by the files alone, whether the Respondent, the person supposed to be most interested in the question, had been served with a sufficient notice.

But however this may be, there can be no doubt that the paper served on the clerk in this instance communicated to him the information that Magner appealed to this court from the order or decision made by the District Court in the premises; and the statute requires no more than this, in any view which may reasonably be taken of its provisions.

In regard to the objection which Magner urges to the jurisdiction of the District Court to decide upon the questions presented, except by way of appeal from the decision of the board of canvassers, we find more serious difficulties. There can be no question as to the proceedings on the part of Baberick having been commenced and conducted under the election law of March 12, 1861. This is virtually admitted by the argument of either party; and besides, no other law than that referred to authorizes a contestant of an election to proceed in any such manner.

The 31st section of this law gives an appeal from the decision of the board of canvassers declaring any one elected to a county office, provided notice thereof shall be entered with the clerk of the District Court to which said appeal shall be taken, within twenty days from the day of election. It is manifest, therefore, under this section, that where such an appeal is taken, the entering of this notice with the clerk is what gives the court jurisdiction of the contest; and it is not contended in this case that such or any notice of appeal from the decision of the canvassers was entered with the clerk of the court in which this contest was commenced.

It is contended, however, that under and by virtue of section 49 and section 52 of said law, the Plaintiff below, or contestant, had the right to contest the election of Magner at any time within twenty days after the votes were canvassed, without regard to the notice of appeal before mentioned, and that the District Court took original jurisdiction of this case by virtue of the sections last named.

Baberick v. Magner.

Upon first reading these several sections, they seemed to sanction the proposition here contended for; but, on a more careful examination and comparison of their several provisions, we have satisfied ourselves that such was not the intention of the Legislature.

Section 31, as before stated, gives the right to appeal, in case of a contest, at any time within twenty days *after the election ;* while by the provisions of section 49 and section 52, any one having the right, and choosing to contest the right of another to a county office, who shall have been declared elected thereto, is required to give notice of such contest in writing to the person whose election he intends to contest, within twenty days *after the votes have been canvassed,* specifying the points on which he will rely, and naming two justices of the peace before whom the depositions will be taken, commencing on a certain day therein to be named, which shall be not less than ten days after the service of such notice, nor more than forty-five after the day of election.

It was urged that as the last-named sections specify what shall be done in case of a contest, all that is necessary is to comply with the provisions therein named; and, as in the case of appeal, the twenty days mentioned in section 31, within which notice is to be given, dates from the day of election, and the twenty days limited by section 49, for giving notice of contest, commences to run from the canvassing of the votes, which might not take place for ten days after the election. This seeming discrepancy was relied upon as evidencing an intention on the part of the Legislature to give the right to contest for the whole time therein stated, and as this might not expire for ten days after the time limited for an appeal by section 31 may have passed, it was claimed that the sections were independent of each other, and that the right to contest, under section 49, does not depend upon the fact of an appeal having been taken under the provisions of section 31.

As it is fair to presume that the Legislature had an object in limiting the right to appeal from the decision of the canvassers to twenty days after the election, it is hardly to be supposed that it would be utterly abandoned in a subsequent section of the same

31—vol, ix.

act, and that a party who has neglected to appeal, until after the time therefor has expired, shall still be permitted to come in, and, by an affirmative proceeding in the same court to which the appeal should have been taken, regain all that he may have lost by his negligence; and this too by virtue of the same law, and without the necessity of alleging anything by way of excuse. The Legislature should not be convicted of such an inconsistency, if the sections under consideration can otherwise be made to harmonize. No mere inference—nothing short of positive authority, would satisfy us that such was the meaning of the law.

But let us see whether there is in reality any such inconsistency as that just alluded to.

The appeal given by section 31 is allowed only when there is a contest; and by the provisions of section 49, whenever a contest is prosecuted under that act, certain proceedings must be taken, in order that the contest may proceed. The appeal authorized by the section first named is perfected by entering notice thereof with the clerk. From that time the Court may be deemed to have acquired jurisdiction of the case. But it will be observed that the party appealing is not, by this section, required to give any notice to the party whose election he proposes to contest; and the latter may be entirely ignorant of such appeal, as well as the grounds upon which the contest is made. This difficulty is amply provided for by section 49, which directs the contestant not only to notify the other party of such contest, but of the points on which it will be made; and prescribes the manner and time of taking the depositions, and the mode of trial. There is no want of harmony between the sections in all this. They are closely connected, and mutually dependent on each other, the one supplying what the other omits. It would hardly be claimed that any one perfecting his appeal under the provisions of section 31, could proceed therein without complying with every essential provision of section 49. Why, then, should not a compliance with the former be equally essential to the validity of the proceedings required by the latter? We regard the one as merely providing for the transfer of the proceedings to the District Court for adju-

Broome et al, v. The G., D., D. & M. Packet Co.

dication, and the other as directing how the party himself shall be brought into court, the issues made up, the evidence obtained, etc.—in other words, how the contest shall be conducted and tried after such transfer is made.

Again, another and cogent reason for holding that a contest cannot be instituted and proceeded with under the said law of 1861, except by way of appeal from the decision of the board of canvassers, as provided by section 31, may be found in the fact, that unless an appeal is thus taken, it is difficult to conceive how the case can be considered in court at the time of giving notice and taking the depositions on which the trial is to be had. But if the case comes up by way of appeal, then the difficulty vanishes; for the District Court may be said to have jurisdiction of the case from the moment of entering the notice of appeal with the clerk, and may try and determine the issues afterwards made, provided the contestant proceeds in the manner pointed out by section 49.

Whatever, therefore, may be the rights of the contestant, on a trial on the merits, it is plain to us, that by neglecting to enter notice of an appeal from the decision of the board of canvassers, as required by section 31 of the act of March 12, 1861, he has lost his right to pursue his remedy under that statute. We do not wish, however, to be understood as holding that the remedy provided by this act is exclusive of all other remedies.

Action dismissed.