## FELIX A. BORER *vs.* FRANK W. KOLARS.

### March 27, 1877.

**Election for County Office—Appeal from Board of Canvassers.**—Under the provisions of Gen. St. c. 1, an election contest, in respect to a county office, can only be instituted by an appeal taken from the decision of the county board of canvassers to the district court, within the time and in the manner therein provided. If such appeal is not taken in such manner, and within such time, the court acquires no jurisdiction.

Proceeding in the district court for Le Sueur county, wherein plaintiff sought to contest the election of defendant as register of deeds of that county. The defendant moved that the proceeding be dismissed, for the reason that no notice of appeal from the board of county canvassers was entered with the clerk of such court within twenty days from the day of the election. The motion was granted by *L. M. Brown*, J., and plaintiff appealed.

*Gilman, Clough & Lane*, for appellant.

*M. J. Severance, J. L. Macdonald, Cadwell & Everett,*
and *Bangs & Walsh*, for respondent.

CORNELL, J. It is not denied that Gen. St. *c.* 1, is but
a revision of the then existing election laws relating to the
same subject, and intended to take the place of Laws 1861,
*c.* 15. Its provisions, therefore, must be construed with
reference to this fact, and in accordance with the general
purpose of the statute, so as to harmonize, as well as give
force and effect to each section and clause as parts of one
entire system or scheme of law. It was held by this court,
in *Baberick* v. *Magner*, 9 Minn. 232, that the statute of
1861, similar in its provisions to the one under considera-
tion, provided only one way for instituting an election
contest, and that was by an appeal to the district court
from the decision of the board of canvassers, as provided
by section 31 of that statute; and that, unless an appeal
was taken within the time and in the manner therein
provided, the district court acquired no jurisdiction what-
ever of the case.

It is claimed by plaintiff that the changes effected by the
revision of 1866 so altered the act of 1861 as altogether to
do away with an appeal from the decision of the canvassing
board in all cases of contested elections in respect to county
officers. This claim is based upon the modification of
sections 31 and 52 of the original act, effected by Gen. St.
*c.* 1, §§ 29, 49, which it is admitted are substitutes for
the original sections. Said sections 31 and 52, so far as
material to this question, are as follows:

" Section 31. At the close of the canvassing, as provided
in section twenty, the board of canvassers shall declare the
person having the highest number of votes for probate
judge, sheriff, * * * and any other county officers,
duly elected, and, in case said county contains a senatorial
or representative district, then the person or persons having
the highest number of votes for senators or members of the

legislature duly elected, subject to an appeal to the district court of the proper county, in case of the contested election of probate judge, sheriff, * * * and any other county officer, and to that branch of the legislature to which any person may be returned, when an election is contested, provided notice of such appeal to the said court be entered with the clerk thereof within twenty days from the day of election."

" Section 52. The method to be pursued in contesting the election of any person declared duly elected probate judge, sheriff, * * * or any other county officer, shall be at the instance of a candidate or elector of the proper county, and shall in every respect be similar to the method directed as aforesaid to be pursued in contesting the election of senators and representatives, * * * save only that the testimony taken as aforesaid * * * shall be sent to the district court," etc.

The corresponding sections in the revision, (Gen. St. *c.* 1, §§ 29, 49,) are as follows :

" Section 29. At the close of the canvassing as prescribed in section nineteen, (section twenty of the original statute,) the board of canvassers shall declare the person having the highest number of votes for any county office, duly elected, subject to an appeal to the district court of the proper county, provided that notice of such appeal shall be entered with the clerk of said court within twenty days from the day of election ; and, in case said county contains a senatorial or representative district, then the person having the highest number of votes for senator or representative shall be declared by said board duly elected."

" Section 49. Any candidate or elector of the proper county may contest the election of any person declared elected to any county office, and he shall proceed therein in the manner prescribed in contesting the election of senators and representatives to the legislature, save only that the testimony taken as aforesaid, and all matters

relative to such contest, shall be sent to the district court." etc.

It is obvious that the only substantial change effected by this revision of the original sections consists in the omis-sion, in section 29, of any provision such as is found in section 31, expressly declaring the decision of the canvass-ing board, in respect to the election of senators and representatives, to be subject to an appeal to that branch of the legislature in which the final determination of such ques-tions is vested by the constitution. Omit this provision from the original section and the two are essentially alike. Each makes it the duty of the canvassing board to decide and declare who is elected to any particular county office, and each makes such its decision subject to an appeal to the district court of the proper county, within the same time, and by filing a like notice of appeal with the clerk of the said court. In neither is the party designated who may bring the appeal, nor is the manner prescribed in which it shall be conducted. Section 52 of the original statute, however, prescribes the mode of procedure to be followed in contesting any such election, and also designates as the proper party at whose "instance" alone the proceedings are to be instituted and carried on, "a candidate or elector of the proper county." To these provisions of this section Gen. St. c. 1, § 49, strictly conforms by declaring that "any candidate or elector of the proper county may contest the election of any person declared elected to any county office"—that is, so declared as provided by section 29. And it prescribes the like mode of procedure in conducting the contest on the appeal as was prescribed by said section 52, of the original statute. It is clear, therefore, that Gen. St. c. 1, §§ 29, 49, sustain the same relation to each other as did the corresponding sections in the act of 1861, and the construction given to the latter, in *Baberick* v. *Magner*, must govern in construing the former. It might be assumed further, in answer to the suggestions of counsel, that, unless

section 49 has reference solely to proceedings in the appeal authorized by section 29, the latter is a nullity, for in no other portion of the statute is the authority given to any one to bring an appeal, nor is any provision made for the manner of conducting it. A conclusion involving such an absurdity ought not to be attributed to the legislature.

It is further claimed that the necessity of taking an appeal in a case of this kind, as provided by the revision of 1866, was dispensed with by Laws 1872, c. 57. That statute is simply what it purports to be, an enactment amending Gen. St. c. 1, §§ 48, 49. It does not, either in terms or by necessary implication, repeal section 29 of the same chapter. It only declares a repeal of all acts, or parts of acts, inconsistent with its provisions. As repeals by implication are not favored in law, section 29 must be allowed to stand in full force, and section 49, as amended, must be construed in harmony with it, unless there is an irreconcilable conflict between their provisions. Nothing of this kind is discoverable. No violence is done to any of the provisions of the amended section by treating it as applicable alone to a suit commenced by the appeal contemplated by section 29 of that chapter. From these considerations it is apparent, upon the admitted facts of this case, that the court below never acquired any jurisdiction of the subject-matter of the controversy, and, as no act of the parties could confer it, the proceedings were properly dismissed.

Order affirmed.