CHARLES E. SEELEY *vs.* J. F. KILLORAN *et al.*

Argued April 24, 1893.   Decided May 19, 1893.

**Appeal from County Canvassing Board of Elections.**

> An election contest over a county office, conducted under the provisions
> of Laws 1891, ch. 4, must be instituted- by an appeal from the decision
> of the board of canvassers to the District Court, taken within the time
> and in the manner prescribed in section 76 of said chapter.  If the notice
> of appeal therein mentioned is not entered with the clerk within twenty
> days after the day of election, the District Court acquires no jurisdiction
> of the proceeding.

Appeal by plaintiff, Charles E. Seeley, from an order of the District Court of Itasca County, *Geo. W. Holland,* J., made March 17, 1893, refusing his motion for a new trial.

At the general election held November 8, 1892, Charles E. Seeley and J. F. Killoran were each candidates for the office of County Commissioner for the Second District in the County of Itasca, for the term commencing January 1, 1893.  The Board of Canvassers of that county met and adjourned from day to day until November 17, 1892, when they determined and announced that Seeley received one hundred and ninety-nine (199) votes and Killoran two hundred and fourteen (214) votes, and that Killoran was elected.  Seeley charged that in Swan River election district, forty transient men and boys, not qualified electors, but who were temporarily employed in constructing a railroad just over the line in Aitkin County, were permitted to vote and did vote for Killoran, and their votes were counted and included in his 214 votes.  That the judges in that election district were not sworn, or the ballot boxes sealed.

On December 3, 1892, notice of contest and a copy of a summons and complaint were served on defendants, J. F. Killoran and H. R. King, County Auditor, and the originals filed in the office of the Clerk of the District Court.  The defendant Killoran answered. King did not.  The issues came to trial January 19, 1893, at Grand Rapids.  Defendant Killoran moved the court to dismiss the proceeding on the ground that the notice of contest was not filed with the Clerk of the Court within twenty days after the day of the elec-

tion. Laws 1891, ch. 4, § 76. The court granted the motion, plaintiff excepted, moved for a new trial, and being denied, appeals.

*True & Weatherby, Hawkins & McCarthy,* and *Choate & Merrill,* for appellant.

By Laws 1891, ch. 4, § 76, an appeal and a contest are not nec: essarily connected. A complete and independent proceeding is provided for contesting elections without reference to whether an appeal from the Canvassing Board is taken or not. In *Baberick* v. *Magner,* 9 Minn. 232, (Gil. 217,) the court felt obliged to make the contest of an election depend upon an appeal having been taken. Otherwise they would have to charge the Legislature with the inconsistency of permitting the contestant to gain the advantages of an appeal after the time for an appeal had passed; but in the absence of any statute requiring a contest to depend upon an appeal being taken, the court cannot require a contest to rest upon an appeal, without charging the Legislature with a much greater inconsistency than the one referred to in *Baberick* v. *Magner, supra.* The duties of the Canvassing Board are merely ministerial. The Board has no judicial power, cannot go behind the returns, cannot question the legality of a single vote, or investigate any of the many other questions which may be raised upon a contest; it simply makes a computation from the face of the returns and declares the result. *State* v. *Steers,* 44 Mo. 223; *O'Ferrall* v. *Colby,* 2 Minn. 180, (Gil. 148;) *Taylor* v. *Taylor,* 10 Minn. 107, (Gil. 81;) *Stevenson* v. *Lawrence,* 1 Brews. 67; *Handy* v. *Hopkins,* 59 Md. 157.

Laws 1891, ch. 4, § 74, does not require the Canvassing Board to commence the canvass of the returns until the tenth day after the election. Section 80 of the same chapter contains a provision not formerly in the law, viz. that the Board may adjourn from day to day, not to exceed ten days. These provisions give the Board the full twenty days after the votes are cast in which to canvass the returns, while § 76 provides that notice of appeal must be entered within twenty days after the day of election: The question then arises, what is meant in this statute by "the day of election?" It has been held with great reason that since it cannot be officially declared who is elected until after the declaration of the Canvass-

ing Board has been made, the time for an appeal begins to run from, and the day of election means, the date of the declaration of the result of the election by the Canvassing Board. *Davis* v. *Maxwell*, 22 La. An. 66; *Stevenson* v. *Lawrence*, 1 Brews. 67; *Dagget* v. *Hudson*, 43 Ohio St. 548; *Borer* v. *Kolars*, 23 Minn. 445.

*Draper, Davis & Hollister*, for respondent.

The precise question in this case was before the court and decided in *Baberick* v. *Magner*, 9 Minn. 232, (Gil. 217,) and *Borer* v. *Kolars*, 23 Minn. 445.

The word election is clearly intended to designate the day the votes are cast. To construe the word election in Laws 1891, ch. 4, § 76, to mean after the result is officially determined, would be judicial legislation.

Upon the point that no appeal is necessary in order to contest an election, counsel have made an ingenious argument based upon a slight difference in the reading of the Laws of 1861 and 1891, and like counsel in *Borer* v. *Kolars*, 23 Minn. 445, have sought to distinguish the case from *Baberick* v. *Magner, supra*. The reasoning of the court in *Borer* v. *Kolars, supra*, meets the argument of counsel in this case, and exposes it as the merest sophistry.

In Laws 1891, ch. 4, the sections 76 and 95 sustain the same relation to each other as did sections 31 and 52 in Laws 1861, ch. 15, and the construction given to the latter in *Baberick* v. *Magner, supra*, should govern in construing the election law of 1891.

In this case, through the neglect of some one, the proper notice was not entered with the Clerk, and now this contestant asks the same privileges that he would have been entitled to if he had complied with the law.

COLLINS, J. This was a proceeding to contest an election for a county office, and was dismissed by the District Court upon the ground that notice of appeal from the decision of the county canvassing board had not been entered with the clerk of said court within twenty days after the day of election, as provided by Laws 1891, ch. 4, § 76. In the case of *Baberick* v. *Magner*, 9 Minn. 232, (Gil. 217,) it was held that the statute then in force—the act of

March 12, 1861—provided but one way of instituting an election contest, and that was by appeal to the District Court from the decision of the board of canvassers, as provided by Laws 1861, ch. 15, § 31, and that, unless an appeal was taken by notice thereof entered with the clerk of the proper District Court within twenty days after the day of election, the court acquired no jurisdiction whatever of the proceeding.

The sections of the act of 1861 which related to the question then before the court were section 31, before mentioned, and sections 49 and 52, which authorized and provided the method for conducting the contest. The corresponding sections in the Revision, 1866 G. S. ch. 1, were §§ 29 and 49. Section 29 provided for the entry of a notice of appeal with the clerk of the court within twenty days from the day of election in case of a contest, while section 49 specified the method to be pursued in prosecuting the contest. The only material change effected in the original sections by the Revision of 1866 consisted in an omission from section 29 of the provision found in section 31 of the act of 1861, relating to an appeal to the proper branch of the legislature from a decision of the canvassing board relative to the election of senators and representatives. This was so declared in *Borer* v. *Kolars,* 23 Minn. 445, in which the necessity of entering a notice of appeal with the clerk of the court under the provisions found in the Revision of 1866 was considered, and it was held that sections 29, 46, and 49 of chapter 1 of the Revision sustained the same relation to each other as did the corresponding sections in the act of 1861, and also that the construction given to the latter in *Baberick* v. *Magner,* must govern when construing the latter. The order appealed from, dismissing the proceeding because notice had not been entered within twenty days as provided for in said section 29, was affirmed.

In the statute which controls this case we find similar provisions, (Laws 1891, ch. 4, §§ 76, 91, 95.) Section 76 is substantially a re-enactment of section 29 of the Revision, and provides that at the close of the labors of the canvassing board it shall declare the person having the highest number of votes for any county office duly elected, subject to an appeal to the District Court of the proper county, and that, in case of an appeal, notice thereof must be entered with the clerk of said court within twenty days after the day

of election; while sections 91 and 95 are substantially re-enactments of sections 46 and 49 of the Revision of 1866, authorizing the contest, and providing the course of procedure. There is nothing elsewhere in the general election law of 1891 which suggests that it was the intention of the legislature to confer jurisdiction upon the District Court in contested election cases instituted under that law, except as prescribed in section 76; and similar statutory provisions had theretofore been construed by this court as going to the jurisdiction of the court to entertain the case at all. The provisions of the act of 1891 in reference to contests must be construed with reference to decisions upon like enactments. The reasoning in *Borer* v. *Kolars, supra*, completely covers the main points made on the appeal, and cannot be improved upon.

Relator's counsel argue that the words in section 76, "within twenty days after the election," should be construed as meaning within twenty days after the result of the election is officially declared by the board of canvassers, because of a provision providing for an adjournment of the board from day to day for a period not exceeding ten days. To disregard the plain language in section 76, and give it the construction asked for by counsel, would be the rankest kind of judicial legislation. It is not capable of any such interpretation.

The District Court failed to acquire jurisdiction of the contest, and its order dismissing was correct.

Order affirmed.

VANDERBURGH, J., absent.

(Opinion published 55 N. W. Rep. 132.)