JAMES H. DURYEA v. JOHN SIBLEY.

April 21, 1899.

Nos. 11,539—(129).

Election of Alderman of Minneapolis—Canvassing Returns—Notice of Appeal—Jurisdiction.

By the terms of the charter of the city of Minneapolis, the city council is the proper canvassing board of the returns of the ballots cast for aldermen of said city. In case an appeal is taken to the district court from the declaration of the board as to who has been elected alderman of said city, G. S. 1894, §§ 172, 203, 204, are applicable, and the notice of appeal must be entered with the clerk of the court within 20 days after the day of election, or no jurisdiction is acquired.

Same—Bond not Equivalent to Notice.

The contest bond given in this case is not the equivalent of a notice of appeal.

Petition by James H. Duryea, defeated candidate for the office of alderman for the tenth ward of the city of Minneapolis, to the district court for Hennepin county, praying for the appointment of three persons to recount the ballots cast at the election. From an order, Lancaster, J., denying the application of petitioner for the relief prayed for, petitioner appealed. Affirmed.

*Davenport & Thian,* for appellant.

*George D. Emery,* for respondent.

PER CURIAM.

At the general election held in the city of Minneapolis, November 8, 1898, the parties hereto were candidates on the official ballot for the office of alderman of the tenth ward of said city, for the term ending January, 1903. On November 15, 1898, the city council of said city, acting as a board of canvassers, duly canvassed the returns of the ballots so cast for said parties, and upon the face of the returns said council declared that this respondent, John Sibley, had a plurality of the ballots so cast for him for the said office of alderman, and that he was the alderman-elect for said ward for said term ending January, 1903. The appellant, deeming himself aggrieved

by this finding and declaration of the city canvassing board, and claiming to have been duly elected to said office himself, prepared notice of contest and appeal from such declaration, and served the same upon the respondent, November 23, 1898, and gave an approved bond, which was filed with the clerk of the district court, November 26, 1898, but the notice of appeal and contest was not entered with the clerk of the court until December 1, 1898, more than 20 days after the day of election, as provided by G. S. 1894, § 172.

The appellant applied to the district court for an order appointing three persons to recount the ballots, as provided by law, and the court refused to grant this application on the ground that no notice of appeal from the decision of the board of canvassers had been entered with the clerk of the district court within 20 days after election, and that it had no jurisdiction to do so. Appellant appeals from this order and finding.

G. S. 1894, § 172, above referred to, provides that at the close of the canvass by the county canvassing board it shall declare the person having the highest number of votes for any county office duly elected, subject to an appeal to the district court of the proper county. This statutory requirement as to the entering of the notice of appeal is not to be regarded as a mere matter of form, but a substantial mandatory requisite, and must be strictly complied with, or no legal appeal is perfected. It is the only method provided by statute, and the notice must be framed, issued, served and entered as required by the statute, or no jurisdiction is acquired. Baberick v. Magner, 9 Minn. 217 (232); Borer v. Kolars, 23 Minn. 445; 2 Enc. Pl. & Pr. 213.

It is claimed by the appellant that notice of such appeal was entered with the clerk of said court by reason of filing the bond November 26, 1898, wherein it is recited that the contestant in the proceedings entitled above has made application for the appointment of three persons to inspect the ballots, and then provides that, if the contestant shall fail to maintain his contest, he shall pay all costs and expenses of such contest and examination. The statute never intended that the contest bond should perform the office of the notice of appeal. It would certainly be a surprise to the legal

profession for this court so to hold, for such a bond lacks all of the essential elements of a notice of appeal. The notice of appeal actually given was not entered or filed until December 1, 1898, and, as this was not done within the 20 days after the day of election, the district court did not acquire jurisdiction of the proceedings.

But the appellant contends that the provision of the statute relative to entering appeals with the clerk of the district court does not apply to the case of a city election, and that from 1861 to 1891 such proceedings were limited to county elections, and that the prior decisions of this court only had reference to county elections. In Baberick v. Magner, supra, the contest was based upon the law of 1861. The contest was for the office of treasurer of Nicollet county. Notice of appeal was not entered in the district court, contestant claiming that no such notice was necessary under the statute existing at that time.

Laws 1861, c. 15, § 31, provides that, at the close of the canvassing as provided in section 20, the board of canvassers shall declare the person having the highest number of votes duly elected, subject to an appeal to the district court of the proper county in case of a contested election of any county officer, provided notice of such appeal to said court be entered with the clerk thereof within 20 days from the day of election. Section 82 provides that the act shall be applied to all elections thereafter to be held in the state, whether for state, district, county, town, city or township officers. This act continued in force until amended in 1871 and 1872 by chapters 45 and 57 of those years, but no material change was then made in the provisions for contest and appeal. In 1891 a further change took place in the election law by Laws 1891, c. 4, but still no material change was made in the provisions relating to contest. Laws 1891, c. 4, § 76, is practically the same as Laws 1861, c. 15, § 31; Laws 1891, c. 4, § 91, and following sections are substantially the same as Laws 1861, c. 15, § 49, and following sections and section 95 contain the same provisions as sections 49 and 52 in the preceding law; while by section 126 the act was made to apply to all elections. This law was again amended in 1893, but no substantial change in the law relating to contests was effected. However, by section 198 of that law (G. S. 1894, § 203) it was provided that in

city elections this act should be construed in connection with laws authorizing such elections, which shall be held at such time or times as such laws may provide. Laws 1893, c. 4, § 167, contains a provision for an appeal from the decision of the board of canvassers making the same requirement as to the entry thereof as is contained in Laws 1861, c. 15, § 31, and Laws 1891, c. 4, § 76, while by sections 183 and 185 the method of procedure upon such contest is prescribed.

In all these cases the law requires a notice of appeal from the result of the election to be filed or entered with the clerk of the district court of the proper county within 20 days from the day of election, and thereafter a notice of the contest to be served upon the person who is by the canvassing board declared elected, this service to be made within 20 days after the decision of the canvassing board, and to contain a specification of points upon which the contestant will rely. In the case of Baberick v. Magner, supra, the contestant had served the proper notice of contest, but had never served or entered the proper notice of appeal in the office of the clerk of court. It was there held that such an omission was fatal.

That these statutory laws referred to are applicable to the appeal of an alderman is covered by the decision of this court. In Truelson v. City of Duluth, 60 Minn. 132, 61 N. W. 911, the court said, at page 133:

"In view of the evident design of the act to bring within its operation all city elections, we feel inclined to make every one of its provisions effective, if it can reasonably be done."

"That the provisions of the act were intended to apply to, and include, city elections is made evident in section 198 (G. S. 1894, § 203), in which it is provided that in city elections the act is to be construed in connection with laws authorizing such elections, and this intent is conclusively indicated by the language of section 199 (G. S. 1894, § 204)."

The canvassing board, in the case of city elections, is the city council, as provided by Sp. Laws 1881, c. 76, subc. 2, § 8 (page 423); and an appeal from their decision must stand, in contemplation of law, exactly the same as in the case of the county canvassing board; that is to say, the officer for whose election the votes are canvassed by the city council, and the result by them declared, stands exactly

the same towards them as does a county officer towards the county canvassing board, and his election, as declared by them, is to be appealed from, and notice of contest given, in exactly the same way as in the case of county officers.

Our conclusion is that the city canvassing board in this case stands, in contemplation of law, in the same position as the county canvassing board, and a candidate for the office of city alderman must, if he appeals to the district court from its declaration against him, give due notice of such appeal, and cause such notice to be entered with the clerk of said court within 20 days after the day of election, and, if he fails to do so, the district court acquires no jurisdiction to hear and determine the cause.

Order affirmed.