## CARL ODEGARD v. J. B. LEMIRE.[1]

March 5, 1909.

Nos. 16,064—(272).

**Notice of Appeal in Election Contest.**

The provision of the statute (R. L. 1905, § 336) as to the filing of the notice of an appeal in an election contest and the service thereof on the contestee is mandatory, and unless the notice is both filed and served within ten days after the canvass is completed no jurisdiction to hear the contest is acquired by the court.

From the decision of the canvassing board for Aitkin county, declaring the contestee, J. B. Lemire, elected auditor of that county, the contestant, Carl Odegard, appealed to the district court which issued an order to show cause. The contestee could not be found and was not served with notice of appeal within the time limited by statute, but appeared specially and objected to further proceedings being had in the matter on the ground that the court had not acquired jurisdiction. From an order, McClenahan, J., discharging the order to show cause, contestant appealed. Affirmed.

*Charles C. Teare,* for appellant.

The filing of the notice of appeal with the clerk of the district court confers jurisdiction on the court. Contestant has until the last minute of the tenth day to file this notice and after that may cause a copy of the notice to be served on the contestee, otherwise this provision of the statute conflicts with the later provision of the same section which requires the notice to be served in the same manner as a summons in a civil action. Sutherland, St. Const. § 238 (1891 Ed.)

If the ten day limit applies to service on the contestee, it is directory only. Hadley v. Gutridge, 58 Ind. 302; Buckland v. Goit, 23 Kan. 327. Statutes concerning the manner of conducting elections are directory only unless non-compliance is expressly declared to be fatal. Sutherland, St. Const. § 452. The object of the statute is to ascertain

[1] Reported in 119 N. W. 1057.

the will of the people as expressed by the ballots. The public, as well as the contestant and contestee, is interested in the result.

*F. W. Hall,* for respondent. .

START, C. J.

The parties hereto were rival candidates at the last general election for the office of auditor of the county of Aitkin. The respondent on November 11, 1908, was declared, by the county canvassing board, elected by a majority of four votes. The appellant within ten days thereafter, and on November 20, filed with the clerk of the district of the proper county a notice of appeal, specifying the points upon which the contest would be made, from the decision of the canvassing board; but he did not serve a copy of the notice of appeal upon the contestee, the respondent herein, until November 24. On application of the contestant the court made an order requiring the contestee to show cause on November 30 why inspectors should not be appointed to inspect and recount the ballots. The contestee appeared specially on the return day of the order, and objected to any further proceedings in the matter, and made a motion to discharge the order, for the reason that the court had never acquired jurisdiction to hear the appeal. The court made its order granting the motion on the ground that notice of appeal was not served within the time required by the statute (R. L. 1905, § 336), and the contestant appealed from the order.

It may be conceded that he used diligence to get service on the contestee within ten days next after the completion of the canvass of the votes, but failed so to do because the contestee could not be found; nor was any person occupying the house of his usual abode. The statute (R. L. 1905, § 336), so far as here material is as follows: "Any voter may contest the election of any person for or against whom he had the right to vote, who is declared elected to a state, county, or municipal office * * * by proceeding as follows: He shall file with the clerk of the district court of the county of his residence, within ten days after the canvass is completed, a notice of appeal to such court, specifying the points upon which the contest will be made, and cause a copy thereof to be served upon the contestee when the contest relates to the election of an officer * * * upon the auditor when it affects a single county. * * * They [the notices] shall be served in the same manner as a summons in a civil action. * * *"

The first contention of the contestant is that the limitation of ten days found in the statute applies only to filing the notice of the appeal with the clerk. If this be correct, then there is no time limit as to the service of the notice of appeal on the contestee, which would enable the contestant to defer the hearing of the contest to suit his convenience and pleasure, and, further, as said by the learned trial judge, it "would introduce an element of uncertainty and confusion into the prescribed procedure for which there is no occasion and which is entirely at variance with its previous legislative history." Prior to the Revision of 1905 the statutes of the state relating to election contests uniformly required the service of the notice of appeal to be filed in the office of the clerk of the court and served upon the contestee within a time expressly stated and limited. G. S. 1866, c. 1, §§ 29, 46, 49; G. S. 1894, §§ 172, 186, 190. The provision of the statute (Laws 1901, p. 584, c. 365) in force when R. L. 1905 were enacted required the notice of appeal in an election contest to be filed in the office of the clerk of the district court within ten days after the decision of the canvassing board and service of notice of such contest upon the contestee in the manner provided for the service of a summons in a civil action within ten days after the filing of the notice of appeal. In view of the fact that all prior statutes relating to election contests expressly limited the time within which the notice of appeal was to be served on the contestee, section 336, R. L. 1905, cannot be construed as changing the legislative policy in this respect and leaving the time for such service unlimited, if the language used is susceptible of any other reasonable construction, for changes in language made by a revision of the statutes are not to be regarded as altering the law, unless it be clear that such was the intention. State v. Stroschein, 99 Minn. 248, 109 N. W. 235; Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243.

It is, however, urged by counsel for contestant that the manifest intention of the legislature was not to limit the time for the service of a copy of the notice of appeal on the contestee; for the statute provides that the service shall be made in the same manner as a summons in a civil action—that is, either personally or by publication. The claim is without merit, for the reason that the provision as to the manner of service is the identical provision found in Laws 1901, p. 584, c. 365, which expressly limited the time within which service could be made.

Construing the statute here in question with reference to its language, history, and purpose, it is clear that it was not intended to make a radical change in the prior law, and that a copy of the notice of appeal must be served on the contestee within ten days after the decision of the board of canvassers. We are of the opinion that the statute is not susceptible of any other reasonable construction, and we so construe it.

The further contention of the contestant is that the statute, as to the service of the notice of appeal, is in any event merely directory, and that a service made only after the expiration of the ten days does not affect the jurisdiction of the court. We cannot so hold.

The right to appeal from the decision of the board of canvassers is purely a statutory one, which the legislature may withhold or give on such terms and conditions that it deems proper. The statute in question gives the right to contest an election by appeal to the district court only by proceeding as therein specified. Compliance with such proceeding is a prerequisite to the acquisition of jurisdiction by the court to hear the contest; that is, to the perfection of the appeal. Or, in other words, if the appeal is not taken in the manner and within the time required by the statute, the court acquires no jurisdiction. Baberick v. Magner, 9 Minn. 217 (232); Borer v. Kolars, 23 Minn. 445; Seeley v. Killoran, 53 Minn. 290, 55 N. W. 132; Duryea v. Sibley, 76 Minn. 55, 78 N. W. 865. In the last case cited the court said: "This statutory requirement as to the entering of the notice of appeal is not to be regarded as a mere matter of form, but a substantial mandatory requisite, and must be strictly complied with, or no legal appeal is perfected. It is the only method provided by statute, and the notice must be framed, issued, served and entered as required by the statute, or no jurisdiction is acquired."

It is true, as suggested by the contestant, that in the cases cited the failure to comply with the statute related only to the filing of the notice of appeal with the clerk; but the filing and serving of the notice are equally a part of the proceeding by which an appeal can only be taken. This court having repeatedly held that the filing of the notice within the time limited is mandatory and jurisdictional, it follows that the service of the notice is also mandatory and jurisdictional. We hold, not only upon authority, but upon principle as well, that the provision of the statute as to the filing of the notice of appeal and as to the serv-

ice thereof on the contestee is mandatory, and that, unless the notice is both filed and served within ten days after the canvass is completed, no jurisdiction is acquired by the court to hear the contest.

Order affirmed.