## RICHARD V. FRANSON v. ARNE H. CARLSON.

137 N. W. (2d) 835.

October 29, 1965—Nos. 40,030, 40,065.

*Dorsey, Owen, Marquart, Windhorst & West* and *Peter Dorsey,* for appellant.

*Nemerov, Perl & Hunegs,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is a consolidated appeal by the contestee from orders of the district court affecting an election contest.

Arne H. Carlson and Richard V. Franson were opposing candidates for twelfth ward alderman in the city of Minneapolis in an election held on June 8, 1965. The canvassing committee, which in Minneapolis consists of the city council acting as a whole, met on June 11 and on that date certified that Carlson was elected. Carlson received 5,482 votes and Franson, 4,846.

On June 10, 1965, Franson filed a notice of contest of the election in the office of the clerk of the district court and served it on the city clerk, as required by law. He served it on contestee Carlson the following day. On June 17 Carlson served a notice of motion to dismiss the ap-

peal on the grounds that it had been prematurely commenced. Thereafter on June 21 the contestant filed a new notice of contest with the clerk of district court and served it on the city clerk. Contestant also delivered copies of it to the sheriff of Hennepin County for service on the contestee. The city clerk on June 21 mailed a copy by registered mail to the contestee, as was required by law. However, the sheriff did not make service upon the contestee until the following day, that is June 22.

Two questions are presented here: (1) Did the district court acquire jurisdiction of the contest under the service as made? (2) If so, do the facts sustain the trial court's determination that there was a violation of our Corrupt Practices Act so as to vitiate the election of the contestee?

The pertinent statutes relating to jurisdiction are Minn. St. 209.02, subds. 2, 3, 4, and 5, which, so far as material, read:

"Subd. 2. The contestant shall file a written notice of contest specifying the points upon which the contest will be made with the clerk of the district court of the county in which the candidate whose election is contested resides; * * *.

"Subd. 3. The notice of contest shall be filed within ten days after the canvass is completed, except that if the contest relates to a primary election, the time for filing the notice of contest shall be limited to five days. Within the same period copies thereof shall be served upon the candidate whose election is contested and upon the official authorized to issue the certificate of election. * * *

"Subd. 4. Service of the notice of contest shall be made in the same manner as provided for the service of summons in civil actions. In all cases two copies of the notice shall be furnished the official authorized to issue the certificate of election at the time of service upon him, and the official shall send one copy thereof by registered mail to the contestee at his last known address. If the sheriff is unable to make personal or substituted service upon the contestee, then the affidavit of the sheriff to that effect and the affidavit of the official authorized to issue the certificate of election that he sent a copy to the contestee by registered mail to his last known address shall be sufficient to confer jurisdiction upon the proper court to hear and determine the contest.

"Subd. 5. If the contest is brought on the grounds of deliberate, serious, and material violation of the provisions of the Minnesota election law, the contest shall be commenced in the manner provided in this section; except that if the ground of action is discovered from statement of receipts and disbursements required to be filed by candidates and committees, the action may be commenced and the notice filed and served within ten days after the filing of such statements, except in the case of primaries, the time shall be limited to five days."

It is conceded that the canvass was completed on June 11. The trial court correctly found that the attempted filing and service on June 10 was premature in that the statute (§ 209.02, subd. 3) requires the notice of contest to be filed within 10 days *after the canvass is completed.* We do not think that contestant seriously questions the invalidity of the notice filed and served on June 10. The question then becomes, "Did the subsequent service give the court jurisdiction?" The trial court held that it did.

From earliest times we have held that the right to appeal from the decision of a canvassing board is purely statutory and the provisions of the statutes must be strictly complied with in order to give the court jurisdiction. The applicable rule is well stated in Odegard v. Lemire, 107 Minn. 315, 318, 119 N. W. 1057, 1058, where we said:

"The right to appeal from the decision of the board of canvassers is purely a statutory one, which the legislature may withhold or give on such terms and conditions that it deems proper. The statute in question gives the right to contest an election by appeal to the district court only by proceeding as therein specified. Compliance with such proceeding is a prerequisite to the acquisition of jurisdiction by the court to hear the contest; that is, to the perfection of the appeal. Or, in other words, *if the appeal is not taken in the manner and within the time required by the statute, the court acquires no jurisdiction.* * * *

"* * * This court having repeatedly held that the filing of the notice within the time limited is mandatory and jurisdictional, it follows that *the service of the notice is also mandatory and jurisdictional.* We hold, not only upon authority, but upon principle as well, that the provision of the statute as to the filing of the notice of appeal and as to the service

thereof on the contestee is mandatory, and that, *unless the notice is both filed and served within ten days after the canvass is completed, no jurisdiction is acquired by the court to hear the contest.*" (Italics supplied.)

That was our rule even before the Odegard case. See, Baberick v. Magner, 9 Minn. 217 (232); Borer v. Kolars, 23 Minn. 445; Seeley v. Killoran, 53 Minn. 290, 55 N. W. 132; and Duryea v. Sibley, 76 Minn. 55, 56, 78 N. W. 865, 866, where we said:

"* * * This statutory requirement as to the entering of the notice of appeal is not to be regarded as a mere matter of form, but a substantial mandatory requisite, and must be strictly complied with, or no legal appeal is perfected. It is the only method provided by statute, and the notice must be framed, issued, served and entered as required by the statute, or no jurisdiction is acquired."

We have followed the same rule in subsequent cases. In Hunt v. Rolloff, 224 Minn. 323, 332, 28 N. W. (2d) 771, 776, in a concurring opinion, the late Mr. Justice Matson said:

"* * * The legislature has wisely provided a summary and strict procedure to avoid intollerable delay in the adjudication of election contests."

See, also, Strom v. Lindstrom, 201 Minn. 226, 275 N. W. 833; Youngdale v. Eastvold, 232 Minn. 134, 44 N. W. (2d) 459; Phillips v. Ericson, 248 Minn. 452, 80 N. W. (2d) 513; Christenson v. Allen, 264 Minn. 395, 119 N. W. (2d) 35; Hancock v. Lewis, 265 Minn. 519, 122 N. W. (2d) 592.

It is noticeable that in § 209.02, subd. 4, provision is made for conferring jurisdiction upon the court if the sheriff is unable to make personal or substituted service upon the contestee by the filing of his affidavit to that effect together with the affidavit of the official authorized to issue the certificate of election that he sent a copy of the notice to the contestee by registered mail. It must follow that in the absence of such affidavits, and none have been filed in this case, the court does not acquire jurisdiction by service of the copy by registered mail.

The statute provides that service shall be made in the manner in which a summons in a civil action is served. Rule 4.03, Rules of Civil Proce-

dure, provides the manner of service of a summons in a civil action and, so far as material here, reads:

"Service of summons within the state shall be made as follows:

"(a) Upon an Individual. Upon an individual by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein."

In support of the sufficiency of the service of notice by the sheriff upon the contestee contestant seeks to invoke Rule 3.01, Rules of Civil Procedure, which reads:

"3.01 Commencement of the Action. A civil action is commenced against each defendant when the summons is served upon him or is delivered to the proper officer for such service; but such delivery shall be ineffectual unless within 60 days thereafter the summons be actually served on him or the first publication thereof be made."

Contestant argues that inasmuch as the notice was delivered to the sheriff within the 10-day period permitted by statute the proceeding was then commenced and service by the sheriff after the expiration of the 10 days should be held to be sufficient. Obviously contestant fails to distinguish between the commencement of an action and the requirement under the election contest statutes that service be made within a specified time. A similar argument was made in the Odegard case where we rejected the contention in the following language (107 Minn. 317, 119 N. W. 1057):

"The first contention of the contestant is that the limitation of ten days found in the statute applies only to filing the notice of the appeal with the clerk. If this be correct, then there is no time limit as to the service of the notice of appeal on the contestee, which would enable the contestant to defer the hearing of the contest to suit his convenience and pleasure, and, further, as said by the learned trial judge, it 'would introduce an element of uncertainty and confusion into the prescribed procedure for which there is no occasion and which is entirely at variance with its previous legislative history.' "

If we were to accept contestant's contention it would mean that the sheriff could delay service of the notice for a period of up to 60 days after the notice was delivered to him. Obviously this would destroy the

legislative plan for speedy determination of election contests. It is important that such contests be expeditiously disposed of in order that elective officials may assume their offices and begin to perform their duties as soon as possible after election. Nor is there merit to contestant's contention that service would be sufficient if the sheriff exercised due diligence. Again in the Odegard case we disposed of that contention in the following language (107 Minn. 316, 119 N. W. 1057):

"It may be conceded that he [the sheriff] used diligence to get service on the contestee within ten days next after the completion of the canvass of the votes, but failed so to do because the contestee could not be found; nor was any person occupying the house of his usual abode."

Our present statute takes care of that contingency and permits the sheriff to file an affidavit that the contestee cannot be found, but in the Odegard case we rejected the contention that if the sheriff exercised due diligence it would be sufficient to confer jurisdiction upon the court.

With respect to service, we also said in the Odegard case (107 Minn. 317, 119 N. W. 1058):

"It is, however, urged by counsel for contestant that the manifest intention of the legislature was not to limit the time for the service of a copy of the notice of appeal on the contestee; for the statute provides that the service shall be made in the same manner as a summons in a civil action—that is, either personally or by publication. The claim is without merit, for the reason that the provision as to the manner of service is the identical provision found in Laws 1901, p. 584, c. 365, which expressly limited the time within which service could be made. Construing the statute here in question with reference to its language, history, and purpose, it is clear that it was not intended to make a radical change in the prior law, and that *a copy of the notice of appeal must be served on the contestee within ten days after the decision of the board of canvassers.* We are of the opinion that the statute is not susceptible of any other reasonable construction, and we so construe it." (Italics supplied.)

Rule 3.01, Rules of Civil Procedure, has nothing to do with the *manner* of service of summons in a civil action. It deals exclusively with the time when an action is commenced. An election contest is a special pro-

ceeding and, while tried as a civil action, is not governed by the rules of civil procedure where they are inconsistent with the statutes pertaining to the procedure itself. Phillips v. Ericson, 248 Minn. 452, 80 N. W. (2d) 513. Here the statutes specifically provide the time within which service must be made, and as a result the rule prescribing the time for commencement of an action has no application. To permit the delay that would result from holding that Rule 3.01 is applicable to these proceedings would be quite intolerable. It would be especially bad in the case of a contest over a primary election. There the legislature has limited the time to 5 days, obviously so that the candidate nominated may be expeditiously determined, in time so that ballots may be printed, the final campaign conducted, and there be time for other necessary proceedings between the primary and general election. It is clear that if Rule 3.01 could be invoked in a general election it would likewise be applicable to a primary election.

Care must be exercised in reviewing our case law on this subject to keep in mind the statute in effect at the time the decision was rendered. As we pointed out in Phillips v. Ericson, 248 Minn. 452, 472, 80 N. W. (2d) 513, 526, under R. L. 1905, § 336, service of the notice within the 10-day period provided by the statute was jurisdictional. The 1905 law was amended by L. 1911, c. 59, so that service of the notice was not jurisdictional but could be made within the time directed by the court. This remained the law until it was again amended, by L. 1945, c. 229, § 7. That amendment again required service of the notice within the same period as is permitted for filing. A comparison of Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057, which is based upon the 1905 law, and Walden v. Calef, 119 Minn. 165, 137 N. W. 738, which is based on the 1911 amendment, illustrates the jurisdictional difference between the two statutes. Even after the 1945 amendment, there remained some ambiguity in the statute, as it contained the provision: "All notices provided for herein shall be served in such manner and within such times as the court may by order direct." In order to solve this ambiguity we said in Phillips v. Ericson, 248 Minn. 452, 473, 80 N. W. (2d) 513, 527:

"* * * The later provision should now be construed as if it read:

'All notices, *subsequent to the initial notice of contest,* shall be served in such manner and within such times as the court may by order direct.' "

This made service of the original notice within the same time as was allowed for filing a jurisdictional prerequisite.

The election laws were quite completely redrafted by L. 1959, c. 675. The provision affecting election contests was completely redrawn and recodified by L. 1961, c. 607, and that is now the law. It contains the provision for filing and service of the notice of contest applicable here and any ambiguity which existed under the 1945 amendment has now been eliminated. Clearly, under L. 1961, c. 607, service of the notice within the same period as the notice may be filed is mandatory and a jurisdictional prerequisite. In the absence of the service of such notice within said time, except as specifically provided in the statutes,[1] the court does not acquire any jurisdiction.

Any deviation from this statutory plan, however slight, would effectively destroy the whole system intended to expeditiously dispose of election contests. It is only by a strict adherence to the statutory plan that this purpose can be accomplished. Unfortunate as the result may be in this case, it is more important to uphold the general idea inherent in the statute—that there may be a speedy determination of these matters —than to reach a result which seems desirable here but which would be completely undesirable in another case that may arise in the future.

Much as we dislike disposing of a case such as this without reaching the merits, the clear mandate of our statute as construed by our cases leaves us no choice but to hold that service by the sheriff of the notice on the contestee within 10 days after the canvass is completed is a jurisdictional prerequisite; and that in the absence of such service the district court acquired no jurisdiction of the contest.

It follows that there must be a reversal on the jurisdictional issue.

Reversed.

---

[1] See, for instance, Minn. St. 209.02, subd. 5.