Theodore **STRANSKY**, Appellant,

v.

**INDEPENDENT SCHOOL DISTRICT 761, Respondent.**

No. C3–89–67.

Court of Appeals of Minnesota.

May 9, 1989.

Review Denied July 12, 1989.

Maren L. Swanson, Lampe, Fossum and Swanson, Northfield, for appellant.

Eric J. Mattison, Nelson, Casey, Tripp & Dow, Owatonna, for respondent.

Considered and decided by PARKER, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

This appeal is from an order dismissing, without prejudice, a notice of election contest for lack of jurisdiction.

## FACTS

On December 13, 1988, a school bond election was held on behalf of respondent Independent School District No. 761 (School District). The election canvass resulted in 2367 votes for the bond issue and 2365 votes against the bond issue. Late on December 20, 1988, the last day on which the election could be challenged, appellant Theodore Stransky filed a notice of contest.

On the evening of December 20, 1988, appellant personally served a copy of the notice of contest on the chairman of the board of education and on the clerk of the School District. On the same evening, he left a copy of the notice with Judith K. Hierstein, who delivered the copy to her husband, Dick Hierstein. Appellant believed Mr. Hierstein to be the deputy clerk of the board of education.

The trial court granted respondent's motion to dismiss the notice of contest finding insufficiency of service of process and, therefore, lack of jurisdiction.

## ISSUE

Was appellant's personal service of process sufficient to confer jurisdiction in the trial court?

## ANALYSIS

Generally, an order to dismiss without prejudice is not appealable. *Sussman v. Sussman*, 287 Minn. 553, 178 N.W.2d 244 (1970). However, here we grant discretionary review noting the order, in effect, determined that appellant could not contest the election. Because of time constraints, appellant had no opportunity to reserve process. Thus, the trial court's order amounted to a "dismissal with prejudice" for lack of jurisdiction, and that is appealable. *In re State and Regents Building Asbestos Cases*, 435 N.W.2d 521, 522 (Minn. 1989) (citing *Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969)); *see also Branstrom & Associates, Inc. v. Community Memorial Hospital*, 296 Minn. 366, 367 n. 1, 209 N.W.2d 389, 390 n. 1 (1973).

Respondent ingeniously contends the order did not prejudice appellant, but claims appellant was prejudiced by his own delay in filing the notice of contest. Respondent's argument is circular and unpersuasive. Minn.Stat. § 209.021, subd. 1 (1988) provides that an election contestant may file within seven days after the canvass is completed. Appellant acted on the seventh day which, by definition, is within the statutory limitation. All time frames in law have, of necessity, a first day and a last day. We find the trial court's order did prejudice appellant, but we affirm on the merits.

Where there are no disputed factual issues, the standard of review is whether the trial court erred in its application of law. *General Casualty Companies v. Consolidated Freightways Corp.*, 413 N.W.2d 157, 159 (Minn.Ct.App.1987). This court need not defer to the trial court's determination of a question of law. *Frost–Benco*

*Electric Association v. Minnesota Public Utilities Commission,* 358 N.W.2d 639, 642 (Minn.1984).

■ An appeal from a decision of a canvassing board is purely statutory, and the provisions of the statutes must be strictly followed to confer jurisdiction in the court. *Franson v. Carlson,* 272 Minn. 376, 378, 137 N.W.2d 835, 837 (1965). Because an election contest is a special proceeding tried as a civil action, the rules governing civil actions apply unless they are inconsistent with the statutes pertaining to the proceeding itself, *id.* at 381–82, 137 N.W.2d at 839, or unless the rules are impractical. *O'Loughlin v. Otis,* 276 N.W.2d 38, 41 (Minn.1979). Substantial compliance with statutory requirements is inadequate to confer jurisdiction. *Id.*

■ Minn.Stat. § 209.021, subd. 1 (1988) provides "[s]ervice of a notice of contest must be made in the same manner as the service of summons in civil actions." Minn. R.Civ.P. 4.02 prohibits service by a party to the action. Appellant is an actual party to this election contest. That status does not change to "nonparty," as appellant argues, even though appellant acts in a representative capacity for all voters for purposes of *res judicata. Green v. Independent Consolidated School District No. 1,* 256 Minn. 185, 187–88, 98 N.W.2d 86, 89 (1959) (quoting *Ahlquist v. Commonwealth Electric Co.,* 194 Minn. 598, 602, 261 N.W. 452, 454 (1935)).

Appellant further contends that "in the same manner" must be read narrowly to include Minn.R.Civ.P. 4.03 governing the mode of service but excluding rule 4.02 directing by whom service must be made. Appellant relies on *Kirkpatrick v. Lewis,* 46 Minn. 164, 47 N.W. 970 (1891) which holds a mortgagee may serve notice of sale in foreclosure proceedings. The holding in *Kirkpatrick* is limited to the special facts of foreclosure and is inapplicable to an election contest subject to the doctrine of strict statutory compliance.

In *Lebens v. Harbeck,* 308 Minn. 433, 434, 243 N.W.2d 128, 129 (1976), the supreme court read "in the same manner" of Minn.Stat. § 209.02, subd. 4 (1976)[1] to include Minn.Stat. § 645.44, subd. 5 (1976) prohibiting service of process on state holidays. We find the court's reading of subdivision 4 controlling, and we hold that "in the same manner" of Minn.Stat. § 209.021, subd. 1 includes Minn.R.Civ.P. 4.02 governing who may serve process. Requiring a nonparty to serve notice of contest is neither inconsistent with the statutes pertaining to election contest nor impractical. We conclude, as did the trial court, the notice of contest was improperly served upon the chairman of the board of education and the clerk of the School District because a party to the action was the process server. Strict procedural compliance is required in election contests. We affirm the trial court's finding that service of process by appellant was insufficient to confer jurisdiction.

Appellant's contends he gave a copy of the contest notice to Judith Hierstein who "served" it on Dick Hierstein, her spouse. Appellant argues that since Judith Hierstein is a nonparty, her handing it to Dick Hierstein constitutes proper service.

Appellant's contention is foreclosed by his affidavit of personal service attesting that appellant served Mr. Hierstein by leaving a copy of the notice at his usual place of abode with a person of suitable age. Appellant served Mr. Hierstein by substitute service on his spouse. Mr. Hierstein's spouse did not serve Mr. Hierstein.[2]

We are sympathetic to appellant's position that when only one vote out of 4700 decided an election, an appeal on the merits should not be summarily dismissed for a technical violation of a statute where there is no claim actual notice was not given. However, strong public policy favoring

1. Minn.Stat. § 209.02, subd. 4 governed service of notice of election contests until repealed by 1986 Minn.Laws ch. 408. Since 1986, Minn. Stat. § 209.021, subd. 1 has governed service of notice of election contests.

2. Appellant's motion for correction of the record to the effect that Dick Hierstein was in fact the deputy clerk of the School District for purposes of the school bond election is therefore denied as irrelevant.

election finality mandates courts to strictly construe statutes applicable to election contests. *Greenly v. Independent School District No. 316*, 395 N.W.2d 86, 91 (Minn. Ct.App.1986). Appellant improperly served the notice of election contest himself. The trial court properly concluded it lacked jurisdiction.

## DECISION

The trial court did not err in granting respondent's motion to dismiss for lack of jurisdiction.

Affirmed.