CHARLES M. ELTING, *Appellee, v.* ROBERT J. DUNCAN,
*Appellant.*

No. 17,413.

SYLLABUS BY THE COURT. .

SURVEY — *Notice — Service on Agent of Owner — Sufficient.* A
notice of a proposed survey, containing definite information
as to the time the survey would be begun and the lines and
corners to be established, mistakenly addressed by the county
surveyor to a former owner who was then deceased, but
which was duly served on the agent of the owners, is valid
and binding as to them notwithstanding the error in the ad-
dress.

Appeal from Sedgwick district court. Opinion filed
February 10, 1912. Affirmed.

*John W. Adams,* and *George W. Adams,* for the ap-
pellant.

*O. A. Keach,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action involves the boundary
line between the N. E. and S. E. quarters of a section,
and the ownership of a strip of land containing about
eleven acres.

In May, 1877, Severin Griesser, who was then the
owner of the S. E. quarter, planted a hedge row across
the half section which, for a time, appears to have been
regarded as the boundary line between the two quar-
ters, but, in fact, it did not equally divide the land in the
half section. The hedge row, it appears, was about
seven rods north of the center line between the quar-
ters, leaving a surplus of about eleven acres in the
Griesser farm, while the field notes of the government
survey showed no excess in either quarter. The whole
section was patented to the A. T. & S. F. Ry. Co., and
from it the title to the N. E. quarter was vested by

mesne conveyances in Charles M. Elting, the appellee. Griesser purchased the S. E. quarter from the railway company, and through intermediate conveyances the title passed to Robert J. Duncan, the appellant, but in none of the conveyances in either chain of title is there specific mention of or conveyance of this strip or surplus, and there is nothing to show that Griesser ever knew there was a surplus. In 1896 Elting, who was the owner of the N. E. quarter, requested the county surveyor to make a survey and permanently establish the corners and boundaries of the section and the true line between the quarters, claiming that the strip of land in question belonged to him. Pursuant to this application the county surveyor, in the customary way, notified the interested parties and served a notice on Peter Getto as the agent of Severin Griesser, who was then deceased. The Griesser family removed to Colorado in 1881 and he died in April, 1886. He left a widow and two minor children, who never afterwards resided in Kansas, and no notice of the proposed survey was personally served on them. Shortly after the death of Griesser Peter Getto was appointed guardian of the minor heirs of Griesser, and he had charge of the land, renting it and paying the taxes on it, until 1899, when the Griesser heirs conveyed it to another. Before the Brown survey was made the following notice was served:

"Severn Grisser (and numerous others), Wichita, Kansas, Feb. 26-27, 1896.

"You are hereby notified that at 10 o'clock A. M., on the 16th day of March, 1896, I will begin a survey of Section 31, Township 25, Range 2 East, in which you are interested, and shall continue the same from day to day until completed. Commencing at the northeast corner of said section, I shall permanently establish all the lines and corners in and to Section 31, Township 25, South, Range 2 East of the 6th P. M.

RANSOM H. BROWN, *County Surveyor.*"

In his return the county surveyor stated that he served the notice by delivering a copy thereof to "Peter Getto, as agent for Severin Griesser."

In pursuance of this notice a survey was made in accordance with the government survey, and it showed an equal number of acres in each quarter section. No appeal was taken from the survey, and it is conclusive on the parties if the notice to the owners of the S. E. quarter was sufficient. When the record of this survey was offered in evidence in behalf of Elting, objection was made by Duncan that a valid notice had not been served on the Griessers, but the court overruled the objection, and, in effect, held the notice to be sufficient and the survey binding on the owners of the Griesser quarter. Duncan appeals, and the only controversy here is the sufficiency of the notice served on the owners of the Griesser land. The statute relative to notice provides that:

"It shall be the duty of any party or parties having a survey to make, in which another party or parties are interested, to notify the county surveyor, who shall on receipt of such notice forthwith notify, by mail or otherwise, such interested party or parties or their agent or agents when he shall make such survey, which shall be at least ten days from the date thereof, if the party or parties or their agent or agents are residents, and thirty days if nonresidents, in the county in which the survey is to be made; and if it shall appear that said party or parties or their agent or agents have received such notice, they shall pay their proportionate part of the expenses of such survey to the party or parties authorizing it." (Gen. Stat. 1909, § 2254.)

In section 2272 of the General Statutes of 1909 it is provided:

"Whenever the owner, owners or occupants of one or more tracts of land shall desire to permanently establish the corners and boundaries thereof, he or they shall notify the county surveyor to make a survey thereof and establish such corners and boundaries, and shall furnish him the name and address of all persons re-

siding in the county and elsewhere, so far as known, who may be affected by such survey. The county surveyor shall cause a notice in writing to be served on each person who may be affected by the survey, or their agent or agents residing in said county, stating the time when he will begin the survey, and the lines or corners to be established, which notice shall be delivered to the person or left at his usual place of residence, at least six days prior to the day set for the survey."

This is followed by a provision for notice by publication and for surveys without notice where there is written consent of the owners.

If the notice was valid the survey was conclusive on the parties and the judgment of the trial court must be upheld. The principal objection to the notice is that it was addressed to Severin Griesser, who was then deceased, and that it was not served upon the widow and children of Griesser, the actual owners of the land. The appellant rightly contends that if the notice required by statute is not given to the owner the survey is not binding on him or his grantees. While a notice is essential, the strictness and formality of a summons in an ordinary action is not required. This is indicated by the statute, which provides that the county surveyor shall "notify, by mail or otherwise, such interested party or parties or their agent or agents." The notice is required to be in writing and shall state the time when the survey will be begun and the lines and corners to be established. No particular form of notice is specified nor is the description of the party notified made an essential part of the notice. The essential feature is that the party to be affected, or his agent, shall be informed that a particular survey is to be made, beginning at a fixed time. There is some inconsistency in the two provisions as to how long notice shall be given, but that is not material here. A personal notice to the owner himself is not essential. It is enough if his agent is notified. Notice in this case was

served on Peter Getto, and the testimony shows that he was in fact the representative and agent of the owners of the southeast quarter. He acted for them in caring for and renting the land, in collecting and remitting the rentals and in paying the taxes on it. He was also made the guardian of the children and regularly made reports to the probate court of his management of their property. He was in fact the agent of the owners of the land, and when service was made upon him the agent of the interested parties had full information of the proposed survey.

Is the notice ineffectual because it was addressed to Severin Griesser, the deceased husband and father of the owners? Now, the statute does not specify how the notice shall be addressed nor that it shall contain any address. The essential thing is that the information as to the survey shall be conveyed to the interested party or his agent, and in the absence of a statutory requirement as to form or address it can hardly be said that an error in the name is fatal. If the county surveyor had served the notice without naming or addressing any one, and it had been served on the agent of the owners, it would certainly have communicated the necessary information to him. If it had described the agent as guardian he could not safely have ignored the notice. The information contained in the notice was as effectually communicated to the agent as if the correct names of the owners had been used. In *Eggleston v. The State, ex rel.,* 37 Kan. 426, 15 Pac. 608, a petition was presented to the commissioners while sitting as a canvassing board when it should have been presented to them when in session as a board of county commissioners, and it was held that the board could not ignore the notice so obtained and that it was no excuse for the board to say that it had no knowledge of the petition. In Minnesota provision was made that notice of certain appeals should be served on the clerk of the court. In a case, instead of addressing a notice to the clerk, it

was addressed to the attorneys of the respondent and served upon the clerk. This was held to be substantially sufficient, the court remarking:

"This is the sense in which the term 'notice' is used, and any paper purporting to be a notice which gives to the clerk this information ought to be held sufficient. Again, although the statute requires that such notice shall be served on the adverse party and the clerk, it does not direct to whom it shall be in terms addressed, nor, indeed, that it shall be so addressed to any one." (*Baberick v. Magner,* 9 Minn. 232, 235.)

The court held that whatever might be the purpose of the notice the paper served on the clerk communicated to him the information that an appeal had been taken, and that was all the statute required.

The notice here was served on the agent of the owners, and the conclusion is that the mistake in the names of the owners in the address did not invalidate the notice. The description of the land and the corners and lines to be established by the survey were sufficiently definite. It follows that the judgment of the district court must be affirmed.