# JOHN M. WALDEN v. O. N. CALEF.[1]

October 11, 1912.

Nos. 17,789—(18).

**Election contest — jurisdiction of court.**

The court, by virtue of Laws 1911, c. 59, acquires jurisdiction to hear and determine an election contest by the filing of notice of contest and appeal with the clerk of the court within ten days after the canvass of the votes. Service of the notice must be made on the contestee before the court can proceed to hear and determine the matter, but the statute does not limit the time in which this must be done.

**Notice of contest — manner of service — jurisdiction.**

It is, however, the duty of the contestant, after the court has acquired jurisdiction of the contest, to apply promptly for an order fixing the manner and the time within which the notice must be served. If he fails so to do, .and to serve the notice within a reasonable time, the court may, and should on motion, dismiss the contest for inexcusable delay in prosecuting it, but, until so dismissed, the court retains jurisdiction of the subject-matter of the contest, and it may, in its discretion, make such reasonable order as to the service of the notice as it deems just.

**Service of notice before order of court — motion to dismiss.**

The notice herein was duly filed and personally served on the contestee within ten days after the canvass, but before any order was made by the court as to such service. The contestee specially appeared at the time fixed for hearing the contest, and moved the court to dismiss all the proceedings for the reason that the court had no jurisdiction over him. The court confirmed the service of notice, and ordered that it stand as the service ordered by the court, and informed the contestee that the hearing would be continued to enable him to prepare for trial, if he so desired. *Held*, that it was not error to deny the motion.

Election contest in the district court for Rice county. The history of the contest in that court is narrated in the opinion. The court, Childress, J., made findings of fact and as conclusion of law found that the contestee, O. N. Calef, was not lawfully elected

[1] Reported in 137 N. W. 738.

alderman of the Third ward of the City of Northfield, and ordered judgment accordingly. From that order, the contestee appealed. Affirmed.

*Albert Schaller* and *Joseph Donaldson,* for appellant.
*Lind, Ueland & Jerome,* for respondent.

START, C. J.

The parties hereto were rival candidates for the office of alderman of the Third ward of the city of Northfield at an election held therein on March 12, 1912. On a canvass of the votes cast for alderman, and on March 16, 1912, the appellant herein, Calef, was declared elected to the office. Thereupon the respondent herein, Walden, instituted a contest of the election of the appellant, and appealed to the district court of the county of Rice. On March 22, 1912, due notice of the contest and appeal was personally served on the appellant, and the original notice, with proof of such service, was duly filed with the clerk of such court. The contest was set for hearing on April 1, 1912, at a special term of the court at Northfield, at which time and place the appellant appeared specially and filed an objection, which was in these terms:

"Contestee appears specially for the purpose of objecting to a special term at Northfield for further proceeding in the above-entitled matter."

Thereupon the court ordered that a special term of court be held at the courthouse in the city of Faribault on April 10, 1912, at eleven o'clock in the forenoon, for the trial of the cause. The trial judge, being unable to be present at the time named, adjourned the hearing of the cause, on his own motion, to May 1, 1912, at the same hour and place. Court convened pursuant to such adjournment, and the appellant appeared specially and made the motion following:

"The contestee appears specially and objects to the jurisdiction of the court, and moves that all proceedings in the above entitled matter be dismissed and discontinued, for the reason that the court has no jurisdiction over the contestee."

Thereupon, it appearing that the notice of contest and appeal were so served before an order was made by the court directing

the time and manner of the service, as provided by Laws 1911, p. 78, c. 59, the court, on motion of the respondent, made its order nunc pro tunc confirming such service of the notice of appeal upon the appellant, and directing that it stand as the service of the notice of appeal ordered and directed by the court in the cause. The court, upon announcing such order, informed appellant and his counsel that, if they so desired, the cause would be adjourned, so as to allow them ample time to prepare for trial. Counsel then informed the court that they did not desire an adjournment, and that they would take no further part in the cause. The motion to dismiss the proceeding was denied, and appellant and his counsel left the courtroom. The trial then proceeded, and resulted in the order and judgment of the court to the effect that the election in question as to alderman was void, and that the appellant was not elected, from which the appellant appealed to this court.

The sole question presented by the record for our decision is whether the trial court erred in denying appellant's motion to dismiss all the proceedings in the cause, for the reason that it had no jurisdiction over the appellant. Prior to the amendment of R. L. 1905, § 336, by chapter 59, p. 78, Laws 1911, it was necessary, in order to confer jurisdiction upon the court to hear an election contest, to file and also serve the notice of appeal within ten days after the canvass was completed. Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057. But by the amendment the court acquires jurisdiction of the subject-matter of the appeal upon filing notice of the contest and appeal within ten days after the canvass. Service of the notice on the contestee must be made before the court can proceed to hear and determine the matter; but the statute does not limit the time in which the notice must be served or the proceedings dismissed for want of prosecution. The time and manner of the service of the notice rest in the sound discretion of the trial court.

It is the duty of the contestant, after the court acquires jurisdiction of the subject-matter of the contest by the filing of the notice, to apply promptly—that is, within a reasonable time— to the court for an order fixing the manner and the time within which the notice of appeal must be served. If he fails so to do within a reasonable

time, the court may, and should, on motion, dismiss the contest for inexcusable delay in prosecuting it; but, until so dismissed, the court retains jurisdiction of the subject-matter of the contest, and may in its discretion make any reasonable order as to the service of the notice it deems just.

The question presented by the record, in its last analysis, is whether the trial court was bound as a matter of law to dismiss all proceedings in the cause; that is, dismiss the contest, because the notice of appeal was served before the court directed the time and manner of service. It logically follows, and we so hold, from our construction of the amendment of 1911, that the court had not lost jurisdiction of the subject-matter of the contest when the motion was made to dismiss the contest; that it then had jurisdiction to make, in its discretion, such order touching the service of the notice as it deemed reasonable and just; that, whether the omission to obtain an order fixing the time and manner of serving the notice before serving it was a mere irregularity or not, it did not affect the jurisdiction of the court; and, further, that the order made by the court was, upon the admitted facts, well within its discretion, and the motion to dismiss the contest was rightly denied.

Order affirmed.