## J. J. MILLER AND OTHERS v. JOHN M. MAIER.[1]

February 23, 1917.

Nos. 20,208—(315).

**Election — violation of statute by candidate.**

1. A candidate for a public office, who during his campaign by word of mouth solicits the vote of an elector who has the right to vote for him at such election, and at the same time dispenses intoxicating liquor to such elector, brings himself clearly within the terms and meaning of the statute; nor can a holding that such acts on the part of a candidate amount to mere hospitality or that they are trivial and unimportant, be sustained. To so hold would destroy the purpose and effect of the statute.

**Election contest — withdrawal of name from petition of contest.**

2. A proceeding to contest the election of a town officer, charged with a violation of the Corrupt Practices Act, based upon a statutory petition, signed by 25 or more qualified electors, is a proceeding in which the public has such an interest that an elector who signed such petition may not withdraw his name therefrom, after the petition has been served and acted upon by the court.

**Election contest — allegations of petition — procedure.**

3. In such contest, the petition and notice of contest, under sections 529 and 599, G. S. 1913, serve the purpose of a complaint in an ordinary civil action, and the proceeding is subject to the same rules of practice; and, where the petition contains all the averments necessary to give the

[1]Reported in 161 N. W. 513.

court jurisdiction, the contestee must, in order to avail himself of the question of the legal capacity of the contestants to bring the contest, do so by demurrer or answer, otherwise he will be deemed to have waived the same.

J. J. Miller and others appealed to the district court for Yellow Medicine county from the decision of the judges of election declaring contestee John M. Maier elected town supervisor of the township of Hammer in that county. The appeal was heard before Daly, J., who at the close of the testimony granted the motion of the contestee to dismiss the contest, and in its order for judgment made the findings which are given in the third paragraph of the opinion. Contestants' motion for amended findings and amended conclusions of law was denied and contestee's motion for amended findings of fact was granted. From the judgment entered pursuant to the order for judgment, contestants appealed. Reversed.

*O. A. Lende,* for appellants.

*Davis & Michel,* for respondent.

QUINN, J.

The respondent, John M. Maier, a qualified voter of the town of Hammer in Yellow Medicine county, was a candidate for election to the office of town supervisor of that town at the annual election, held therein on March 14, 1916. At the close of the canvass of the votes respondent was declared elected to such office and thereupon qualified and assumed the duties thereof.

To contest respondent's election and right to such office upon the ground of his having violated the provisions of the Corrupt Practices Act, 27 qualified voters of said township, having the right to vote for town officers at such election, acting under sections 599 and 529, G. S. 1913, signed a notice of appeal in due form, and also signed and verified a petition specifying the grounds upon which the contest was made. Such notice and petition were on March 22, 1916, filed in the office of the clerk of the district court of that county, and on that day the same were duly served upon respondent. Thereafter such proceedings were had that on July 19, 1916, a trial of said appeal and contest was had before the district

court, and the court made an order in favor of the contestee and dismissed the contest.

In its order the court finds: That for two weeks prior to such election contestee was an active and avowed candidate for the office of town supervisor; that upon one occasion while he was so a candidate, he said to a qualified voter of the town: "I would like to have you vote for me and I will give you a sack of oats;" that to another voter he furnished three drinks of whiskey and to another, one or more drinks, but that the contestee in so doing was dispensing hospitality; that upon election day contestee furnished means of conveyance to voters in going to and from the place of election. While the findings of the court are silent as to the time and place and as to what was said at the time of furnishing the liquor referred to, yet it appears from the undisputed testimony that at such time contestee solicited and asked the persons to which such liquor was furnished to vote for him. It also appears that the furnishing of the three drinks of liquor was on election day, and that he at that time asked the persons to whom such liquor was furnished to vote for him. General Statutes 1913, § 576, provides that no candidate in seeking an election to a public office shall directly or indirectly give or provide any meat or drink or other entertainment or provision, clothing, liquor, cigars or tobacco to any person for the purpose or with the intent to influence such person to give or refrain from giving his vote at such election to or for any candidate, and section 579 provides that no person shall convey or furnish any vehicle for conveying or bear any portion of any expense for conveying any voter to or from the polls.

It may be said that any candidate for a public office who, during his campaign, by word of mouth solicits the vote of an elector who has the right to vote for him at such election, and at the same time dispenses intoxicating liquor to such elector, brings himself clearly within the terms and meaning of the statute; nor can a holding that such acts on the part of a candidate amount to mere hospitality, or that they are trivial and unimportant, be sustained. To so hold would destroy entirely the effect and value of the statute.

In election contests of this nature the law requires that the same shall be tried at a general or special term of the district court holden in the county within 30 days from the canvass of the votes. There being no

such term within the county the district court, upon application duly made, called a special term to be held at the county seat on March 31 for the trial of this contest.

On April 5, three of the electors who had signed and sworn to the petition made application to the court, through the attorneys for contestee, for leave to withdraw from the petition upon the ground that they did not, at the time of signing the same, fully understand the contents thereof. This application was properly denied by the court. Contests of this character based upon a statutory petition, signed and sworn to by a large number of electors for the purpose of setting a contest in motion, constitute the beginning of a very important litigation, in which the public has a deep interest, and men should not lightly be permitted to stultify themselves by saying that they did not know what they were doing when they signed an instrument of that gravity. In re Grim, 14 Wkly. Notes Cas. (Pa.) 303.

The proceeding was in no legal sense under the control of the contestants, after the court had taken action therein by calling a special term of court.

The filing and serving of the petition, together with the notice, conferred upon the court power to act in the premises, and, after jurisdiction is thus conferred and the court has acted thereon, the jurisdiction cannot be defeated by any number of such petitioners subsequently withdrawing from the petition. Grinnell v. Adams, 34 Oh. St. 44.

The contest was not tried at the special term set for March 31, but such postponements were had that on July 19 the matter was heard and on August 7 the court filed its decision, and on September 12 contestee moved the court to amend the findings by inserting therein, that there was no evidence offered on the trial to show that other than three of the petitioners were voters of the town at the time of the election. In this regard the petition is clear and specific, it contains all the averments necessary to give the court jurisdiction and if proven to sustain the contest. It contains an allegation that each of the petitioners at the time of the election were residents and legal voters of the town and had the right to vote for town officers at such election. The question whether contestants were legal voters of the town at the time of the election and whether they had the right to vote for town officers at such election, goes

directly to the question of their legal capacity to sue, that is, to bring this contest. Contestee contends that under the showing made at the trial it does not appear that contestants were voters of the town at the time of the election, and therefore it does not appear that they had legal capacity to sue or bring this contest.

We do not concur in this contention. The petition and notice serve the purpose of a complaint in an ordinary civil action, and the proceeding is subject to the same rules of practice. The answer is a general denial. It is not sufficient after the trial and decision for contestee to say that it does not appear that contestants had the capacity to sue, or its equivalent, to bring this contest. If contestee wished to raise this question, he should have done so by demurrer or answer, otherwise he is deemed to have waived the same. G. S. 1913, § 7755.

The decision in the case of Sawyer v. Frankson, 134 Minn. 258, 159 N. W. 1, is not in point. There the petition did not show upon its face that the contestants had the right to vote for candidates for the nomination to the office in question, and the contestee served a notice of a motion to dismiss the petition, upon the ground that it did not appear that contestants had the capacity to bring the contest, and after hearing, it not being made to appear that the contestants did have the right to participate in the election for the nomination of a candidate for the office in question, the court dismissed the proceeding.

It follows that the judgment appealed from should be reversed, and the election of the contestee, John M. Maier, to the office of town supervisor of the town of Hammer annulled. It is so ordered.