## D. H. EXRIEDER AND OTHERS v. P. H. O'KEEFE.[1]

### July 11, 1919.

### No. 21,457.

**Election contest — valid petition — jurisdiction not ousted by evidence of fraud.**

1. Where the petition for an election contest is signed by the requisite number of legally qualified petitioners and the notice has been duly served, the contestee cannot divest the court of jurisdiction by showing at the trial that certain of the petitioners had been induced to sign the petition by false representations, and evidence offered for that purpose was properly excluded.

**Corrupt Practices Act — evidence of violation.**

2. The evidence sustains the finding that appellant had violated the Corrupt Practices Act.

Twenty-nine legal voters of Dakota county petitioned the district court for that county to oust P. H. O'Keefe from the office of county attorney after being elected to that office. The matter was heard before Bardwell, J., sitting for one of the judges of the First judicial district, who made findings and ordered that P. H. O'Keefe be removed from office and his certificate of election annulled. From an order denying his motion for a new trial, P. H. O'Keefe appealed. Affirmed.

*C. C. McElwee, Albert Schaller, M. C. Brady* and *P. H. O'Keefe,* for appellant.

*Jamison, Swan, Stinchfield & Mackall,* for respondents.

TAYLOR, C.

At the general election held in November, 1918, the appellant was a candidate for the office of county attorney of Dakota county and was declared duly elected. Thereafter 29 legal voters of the county joined in a petition to oust him from the office on the ground that he had vio-

[1]Reported in 173 N. W. 434.

lated the Corrupt Practices Act. The trial court found as facts that appellant, while a candidate for the office of county attorney of Dakota county, had paid for and furnished intoxicating liquor to several qualified voters of that county, for the purpose and with the intent of influencing such voters to vote for him at the election, and that he had published and distributed a circular containing false charges against his opponent, and as a result of these findings rendered a judgment of ouster.

Only two questions are presented: Whether the findings of fact are sustained by the evidence; and whether the court erred in excluding evidence offered for the purpose of showing that 11 of the signers of the petition were induced to sign it by false representations concerning the nature and purpose of the proceeding.

That furnishing intoxicating liquor to voters for the purpose of influencing their votes constitutes a violation of the law, section 576, G. S. 1913, and is sufficient to justify a judgment of ouster is not questioned. Several witnesses testified to the furnishing of the liquor. Appellant contends that these witnesses were actuated by malicious motives and are unworthy of belief in view of the opposing testimony. This court has stated repeatedly that it is the province of the trial court, not of this court, to determine the weight and credit to be given to the testimony of the different witnesses where such testimony is conflicting, and that the province of this court is limited to determining whether there is any substantial evidence to sustain the conclusion of the trial court. The record contains direct and positive testimony of the violation of the statute, and amply supports the finding. As this finding is sufficient to sustain the judgment, consideration of the other alleged violations of the law is unnecessary.

Appellant offered to show by certain signers of the petition that they did not read the petition but signed it on the representation that "it was only a petition to procure a recount of the ballots," and not to oust appellant from office, and that they would not have signed it had they known its actual contents. If the names of these signers were stricken from the petition, it would reduce the number of signers below 25, the number required by the statute, section 599, G. S. 1913, in order to institute such a contest. If proving the facts which appellant offered to

prove would have ousted the court of jurisdiction, the exclusion of the proffered evidence was error, otherwise it was not. In Miller v. Maier, 136 Minn. 231, 161 N. W. 513, where a similar contest was instituted and certain of the petitioners sought to withdraw their names from the petition on the ground that they had not fully understood its contents, the court said:

"Contests of this character based upon a statutory petition, signed and sworn to by a large number of electors for the purpose of setting a contest in motion, constitute the beginning of a very important litigation, in which the public has a deep interest, and men should not lightly be permitted to stultify themselves by saying that they did not know what they were doing when they signed an instrument of that gravity. * * * The filing and serving of the petition, together with the notice, conferred upon the court power to act in the premises, and, after jurisdiction is thus conferred and the court has acted thereon, the jurisdiction cannot be defeated by any number of such petitioners subsequently withdrawing from the petition."

We think the present case falls within the rule there stated. Appellant seeks to distinguish the two cases on the ground that in the present case the signatures were procured by false representations. These men were legally qualified petitioners and have made no application to have their names withdrawn from the petition. The petition was in proper form and when it was filed and the notice served, the court became vested with jurisdiction, and was required to proceed and determine whether appellant had violated the law. It is of vital interest to the public that the laws enacted for the purpose of freeing elections from improper influences be obeyed. And, although the contest was initiated by the petitioners, it is authorized and prosecuted for the purpose of promoting the public welfare, and not for the purpose of promoting any personal interest of the petitioners. They have no other or different interest in it than other members of the body politic. Whether or not a petitioner who has been induced to sign the petition by false representations may have his name stricken therefrom on proper application made at the proper time, we are clear that the appellant could not raise this

question after the time for filing a petition had expired, and that he was not entitled to litigate it at the trial. It follows that the ruling was correct and the order of the trial court must be and is affirmed.