# IN RE ELECTION CONTEST OF E. M. CHRISTIAN.[1]

March 11, 1927.

No. 26,127.

**Candidate's right to office forfeited by his distributing campaign cards on election day.**

The distribution of campaign cards by a candidate, on election day, in the event of his election, gives occasion for the forfeiture of his right to the office.

Elections, 20 C. J. p. 281 n. 1 New.
Officers, 29 Cyc. p. 1406 n. 10.

Election contest by E. M. Christian against Edward Sullivan, elected county commissioner of Anoka county, upon the ground of violation of the corrupt practices act. The contestee appealed from an order, Giddings, J., decreeing a forfeiture of the office and declaring it vacant. Affirmed.

*Dillon & Bellew*, for appellant.

*Will A. Blanchard* and *Leeds H. Cutter*, for respondent.

WILSON, C. J.

Appeal from an order decreeing the forfeiture of the office of county commissioner of the Fourth commissioner district of Anoka county and declaring the office vacant.

Edward Sullivan and E. M. Christian were the candidates for this office at the election on November 2, 1926. Mr. Sullivan was elected by 16 votes. Mr. Christian contests his election.

On the election day in the town of Fridley in said district Mr. Sullivan, during the time the polls were open, circulated and distributed his campaign cards in furtherance of and in solicitation and in support of his candidacy. The cards bore his picture, his name as such candidate, the date of election, a short statement of facts pertinent to his candidacy and an expression of appreciation of the

[1]Reported in 213 N. W. 48.

support of the voters. This was done knowingly and intentionally and in the active conduct of his campaign.

Mr. Sullivan's conduct makes him guilty of a misdemeanor. G. S. 1923, § 551 (2). The doing of a thing so forbidden by law is a material violation of the corrupt practice law. Such conduct is likely to influence voters. That is the purpose for which it is done. It was clearly both deliberate and serious. Such conduct gives ground for a contest. G. S. 1923, § 570; Saari v. Gleason, 126 Minn. 378, 148 N. W. 293; Olsen v. Billberg, 129 Minn. 160, 151 N. W. 550. Such conduct cannot be regarded as trivial, unimportant or limited in character within the meaning of G. S. 1923, § 571. Miller v. Maier, 136 Minn. 231, 161 N. W. 513, 2 A. L. R. 399; Hawley v. Wallace, 137 Minn. 183, 163 N. W. 127.

It would have been a better practice to have appealed from a judgment entered pursuant to the order. But we construe this order, which says nothing about the entry of judgment, as intended for a final order which in effect is a judgment.

Affirmed.