FRANK MISKE v. BENEDICT G. FISCHER.[1]

February 23, 1935.

No. 30,192.

*Robert P. Liesch* and *Francis M. Smith,* for appellant.
*John I. Levin,* for respondent.

DEVANEY, CHIEF JUSTICE.

This is an election contest. The office involved is that of constable at large for the city of St. Paul, Minnesota. Contestee, Benedict G. Fischer, was declared duly elected, and contestant, Frank Miske, appellant herein, brings this action claiming that defendant violated that section of the corrupt practices act which provides that all matter published concerning a candidate at election tending to influence voting shall bear on the face thereof the address of the author and the person causing the same to be issued and circulated. 1 Mason Minn. St. 1927, § 544.

It appears that defendant issued certain cárds which did not contain this "authorship" or "circulation" clause. The cards in question were prepared by Fischer himself by a rubber stamp and were put on scrap paper. The cards read:

[1]Reported in 259 N. W. 18.

"BENEDICT G. FISCHER
1443 Thomas St.
CONSTABLE AT LARGE"

The trial court found:

"That said cards constituted the only printed, or written, advertising of any kind or character put out by said contestee, save and except that said contestee circulated a few printed cards, the exact context of which was not established, but which cards did not exceed two hundred (200) in number, and also that said contestee did print one ad in a small church publication with a limited circulation. That said contestee did not put on any radio campaign nor did he make any other campaign of any character, save and except personal solicitation and personal appearances and speeches at political meetings. That the contestee, Fischer, did not at any time orally make or circulate any false statements in relation to himself as being an incumbent as constable at large, as was charged in the petition in this case.

"That although the publication of the card as heretofore referred to in these findings, by Fischer, the contestee, was in violation of Section 544 of Mason's Minnesota Statutes, in that it failed to bear upon the face thereof the name and address of the author thereof, the violation complained of was trivial and unimportant, and not of such a serious or material nature as to justify the court in declaring the election void."

In our opinion the findings must be affirmed. The offenses were trivial and unimportant within 1 Mason Minn. St. 1927, § 571, which exempts such offenses from operation of the corrupt practices act. It appears from the record that the offenses were limited in character so as not to be offensive and illegal acts. There is no lack of good faith shown, and it would seem unjust that Fischer should forfeit his election. The evidence is sufficient to support the finding of the trial court. This case is distinguishable from those relied upon and cited by appellant in his brief such as Hawley v. Wallace, 137 Minn. 183, 163 N. W. 127; Exrieder v. O'Keefe, 143 Minn. 278, 173 N. W. 434; Flaten v. Kvale, 146 Minn. 463, 179

N. W. 213; Miller v. Maier, 136 Minn. 231, 161 N. W. 513, 2 A. L. R. 399. These cases have to do with serious offenses against the corrupt practices act such as giving wide publicity to false statements about one's opponent, buying another intoxicating liquor or something else of value in exchange for his vote, and the like. This line of cases is not controlling here. This is not a major violation of the corrupt practices act such as the expenditure of huge sums of money, gross or wilful misrepresentations concerning a candidate or his opponent. It was such offenses that the corrupt practices act was intended to prevent, not trivial oversights and inadvertent mistakes such as occurred here.

It is extremely difficult to deduce from the words on this card that defendant was holding himself out as an incumbent. The cards were circulated at election time. Certainly few, if any, persons would take the card to be a professional calling card as distinguished from a campaign card. There is no evidence here that defendant made any oral misrepresentations. The fact that both parties moved for a new trial does not require that it be granted.

Affirmed.

HOLT, JUSTICE (concurring).

I concur. This card in my opinion is not "any literature or any publication tending to influence voting" which is required by 1 Mason Minn. St. 1927, § 544, to bear on the face thereof the name and address of the one causing it to be published or circulated.