DOUGLAS P. HUNT v. CLARENCE A. ROLLOFF.[1]

July 11, 1947.

No. 34,454.

[1]Reported in 28 N. W. (2d) 771.

L. P. *Johnson,* for appellant.

C. A. *Fosnes* and A. R. *English,* for respondent.

JULIUS J. OLSON, JUSTICE.

The parties to this cause were rival candidates for the office of district judge of the twelfth judicial district at the November 5, 1946, election. Hunt, the contestant, received 15,692 votes, and Rolloff, the contestee, 16,094. On November 19, the state canvassing board canvassed the election returns and declared Rolloff duly elected. A certificate of election was issued and delivered to him pursuant thereto on December 2. On November 29, Hunt filed with the clerk of the district court of Chippewa county, the county of Rolloff's residence, a notice of contest reading as follows (omitting the venue):

<blockquote>
"Douglas P. Hunt,

Contestant,

v.

Clarence A. Rolloff,

Contestee.
</blockquote>

"To Clarence A. Rolloff, the above named contestee, and to Emil H. Nelson, clerk of the District Court of Chippewa County, Minnesota:

"You and each of you will please take notice, that the above named Douglas P. Hunt, contestant who was a candidate for the office of

judge of the District Court of the twelfth (12th) Judicial District of the State of Minnesota, at the general election held on November 5, 1946, does hereby contest the election of the above named Clarence A. Rolloff to the office of judge of the District Court of said district, at said election, upon the grounds and for the reason that the said Clarence A. Rolloff, contestee, by himself, his committee, volunteer committee, committee members, agents, servants and employees did in the course of the campaign immediately prior to said election on said date, violate the Corrupt Practices Act of the State of Minnesota in various and diverse particulars and especially in the following respects and many others to-wit: [Here follow the various charges upon which Hunt relies].

"That contestant demands judgment that the said contestee be declared not elected to the office of judge of the District Court of the twelfth (12th) Judicial District of the State of Minnesota, because of and by reason of his violation, of the Corrupt Practices Act of the State of Minnesota, as herein set forth and that contestant have judgment that he is the duly elected judge of said court.

"Dated November 29, 1946."

This notice was signed by contestant and his attorney on the date mentioned.

Certain sections of M. S. A. c. 208, come into play, and a brief reference to the applicable ones should be made. Section 208.01 defines who may institute an election contest. The only portion thereof which is of value here is that which provides:

"* * * Any defeated candidate for a nomination, position, or office may make the contest. The proceeding shall be commenced by petition filed in the district court of the county in which the candidate whose election is contested resides, and the contest shall be carried on according to law."

Section 208.05 provides:

"The contest proceedings shall be brought on for trial, as provided in section 208.07, within 20 days after the filing of the notice of contest. The only questions to be tried by the court shall be as to

which of the parties to the contest received the highest number of votes legally cast at the election, and as to who is entitled to receive the certificate of election. The judge trying the proceedings shall make findings upon the questions so tried. Further evidence upon the points specified in the notices shall be taken and preserved by the judge trying the contest, or under his direction by some person appointed by him for that purpose.

"When a contest is instituted under this chapter, the county auditor and secretary of state shall refrain from issuing a certificate of election until the final determination of the question as to which of the parties is entitled to the certificate of election. He shall then issue the certificate to the one so found to be entitled to the certificate."

Section 208.07 is important, and we quote therefrom the following:

"Any voter may contest the election of any person for or against whom he had the right to vote, who is declared elected to a state, county, or municipal office, * * * by proceeding as follows: He shall file with the clerk of the district court of the county of his residence, within ten days after the canvass is completed a written notice of contest, specifying the points upon which the contest will be made, and cause a copy thereof to be served within said period upon the contestee and upon the official authorized to issue the certificate of election, * * *. When the contestee desires to offer testimony on points not specified in contestant's notice, he shall file and serve on the contestant notice thereof specifying such additional points. Such notices shall be treated as the pleadings in the case, and may be amended in the discretion of the court. All notices provided for herein shall be served in such manner and within such times as the court may by order direct, and the testimony shall be taken, and the matter tried and determined, in the same manner as such actions are tried by the court, at a general or special term, if any, occurring within 30 days after such canvass. When no term is already fixed, the judge shall seasonably appoint a special term to be held within such time."

Since both parties to this controversy are long-time residents of Chippewa county, no question of venue is presented. At the time of the 1946 election, contestant was serving as judge of probate of that county. His official term would not expire until 1949. Mr. Rolloff was county attorney, his term expiring January 6, 1947.

The issue presented is founded upon an order granted pursuant to contestee's motion—

"for an order dismissing the above entitled proceeding on the ground that the court does not have jurisdiction because:

"First, no proper service has been made upon the undersigned contestee.

"Second, that no notice of contest was filed with Mike Holm, Secretary of State, within the time required by law.

"Third, that the contestant has wholly failed to comply with the law relating to election contests."

The motion was based on all the files and records in the cause and upon contestee's affidavit, attached to the notice, wherein he affirmed that he left for Chicago on November 27 and did not return until December 5, 1946; that no copy of the notice of contest was ever personally served upon him. The other facts which we have recited need not be repeated. Attached to the court's order granting the motion, we have its well-considered memorandum reciting not only the facts, but also the controlling statutes and decisions which, to its mind, compelled the granting of the order here for review. This is the order from which contestant appeals.

■■■ Contestee appeared specially and for the purpose of raising the question of jurisdiction only. The issue thus presented was resolved by the trial court upon the theory that contestant had "committed himself to the procedure under Sec. 208.07" and that § 208.01 was not involved. The record leaves no doubt that this is exactly what contestant did. Under § 208.01, the proceeding "shall be commenced by petition." Obviously, a petition, as a matter of law, is a formal application made by the petitioner to a court requesting judicial action. There is nothing in the present notice of contest indicating that contestant wished to have the court take the matter

in hand under any procedure except that provided by § 208.07. The notice is not addressed to the court. Rather and only, it is addressed to the contestee and to the clerk of court, its only and obvious purpose being to proceed under § 208.07. Not only are the facts we have recited important, but we also have the further fact that contestant attempted to make service also upon the secretary of state—a thing clearly unnecessary under the provisions of § 208.01. Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057, cited by the trial court, is helpful in many respects. There, Odegard, the contestant, sought to appeal to the district court from the decision of the county canvassing board. The contestee could not be found and was not served with notice within the statutory limit of time. There, too, the contestee appeared specially and objected to further proceedings being had in the matter on the ground that the court had not acquired jurisdiction. The district court, Judge McClenahan presiding, dismissed the proceeding. On appeal to this court, we said and held (107 Minn. 317, 119 N. W. 1057):

"The first contention of the contestant is that the limitation of ten days found in the statute applies only to filing the notice of the appeal with the clerk. If this be correct, then there is no time limit as to the service of the notice of appeal on the contestee, which would enable the contestant to defer the hearing of the contest to suit his convenience and pleasure, and, further, as said by the learned trial judge, it 'would introduce an element of uncertainty and confusion into the prescribed procedure for which there is no occasion and which is entirely at variance with its previous legislative history.'"

We concluded that (107 Minn. 318, 119 N. W. 1058):

"The right to appeal from the decision of the board of canvassers is purely a statutory one, which the legislature may withhold or give on such terms and conditions that it deems proper. The statute in question gives the right to contest an election by appeal to the district court only by proceeding as therein specified. Compliance with such proceeding is a prerequisite to the acquisition of jurisdiction by the court to hear the contest; that is, to the perfection of the

appeal. Or, in other words, if the appeal is not taken in the manner and within the time required by the statute, the court acquires no jurisdiction. [Citing cases.] In the last case cited [Duryea v. Sibley, 76 Minn. 55, 78 N. W. 865] the court said: 'This statutory requirement as to the entering of the notice of appeal is not to be regarded as a mere matter of form, but a substantial mandatory requisite, and must be strictly complied with, or no legal appeal is perfected. It is the only method provided by statute, and the notice must be framed, issued, served and entered as required by the statute, or no jurisdiction is acquired.'

"* * * the filing and serving of the notice are equally a part of the proceeding by which an appeal can only be taken. This court having repeatedly held that the filing of the notice within the time limited is mandatory and jurisdictional, it follows that the service of the notice is also mandatory and jurisdictional."

Sustaining that principle, the trial court also cited 29 C. J. S., Elections, § 256, 20 C. J., Elections, § 278, and M. S. A. § 208.07.

Contestant has cited and heavily relies upon Walden v. Calef, 119 Minn. 165, 137 N. W. 738. We do not find that case of any aid to him. R. L. 1905, § 336, now M. S. A. § 208.07, as amended by L. 1911, c. 59, provided, as interpreted in that case, that (119 Minn. 167, 137 N. W. 740) : "The time and manner of the service of the notice rest in the sound discretion of the trial court." By reason of the change in the statute, it is obvious that service must be made upon the contestee and the secretary of state within ten days after the canvass of the election is completed.

Strom v. Lindstrom, 201 Minn. 226, 275 N. W. 833, presented issues similar to those presented here. In that case we held that in matters involving jurisdiction of the court, where the mode of acquiring such is prescribed by statute, compliance therewith is essential or the appellate proceeding will be a nullity, and where jurisdiction depends upon the existence of one of two or more alternative facts or conditions, the definite facts upon which reliance is placed must exist as a necessary prerequisite to the jurisdiction of the court before it can assume or exercise jurisdiction.

Assuming that contestant's notice of contest can be interpreted as a petition under the provisions of § 208.01, as contended by him, the fact remains that contestee, on December 2, received a certificate of election from the secretary of state, and that he promptly qualified and is now and ever since January 6, 1947, has been discharging the duties of his office. This contest cannot at this late day "be brought on for trial, as provided in section 208.07, within 20 days after the filing of the notice of contest," nor is there time now for the secretary of state to "refrain from issuing a certificate of election until the final determination of the question as to which of the parties is entitled to the certificate of election," as required by § 208.05. Contestant has done nothing to stir the court into action—clearly a duty that rested upon him if he relied upon judicial action under the provisions of the mentioned section.[2] At least seven and one-half months have rolled by since the election was held, and at least six months have elapsed since the election was canvassed and the result declared. Undoubtedly the parties knew the result of the election within a day or two after it was held. Why contestant waited until November 29, the very last day to file his notice of contest, is not clear, nor does he explain or give any reason for his tardiness. His display of great haste on that day to get service upon his adversary and his belated mailing of the notice of contest to the secretary of state on December 4 all go to show that he fumbled the ball much too long. Not one of the many other voters who participated at the 1946 election has appeared or in any way sought review of the declared result. Instead, in his brief before this court, contestant says:

"This contest is not one to challenge the number of votes cast for the contestee, nor the legality of the votes, but is a contest to disbar and disqualify the contestee from holding the office because of a violation of the Corrupt Practices Act." Yet, in his notice of contest, he asked "that contestant have judgment that he is the duly elected judge of said court."

[2]Cf. Walden v. Calef, 119 Minn. 165, 167-168, 137 N. W. 738, 740.

The following quotation from 15 Cyc. 399, provides an appropriate finality to the issues we have discussed:

"The intention of the contested election laws is to furnish a summary remedy and to secure a speedy trial, that the title to the office in dispute may be determined before the official term expires in whole or in large part, and that the will of the people may not be defeated in the choice of their officers. Consequently the statutes generally provide that any one desiring to contest an election must file a notice and statement of the grounds of contest within a certain number of days after the election, or the official declaration of the result. These statutes are mandatory and a strict compliance with them is jurisdictional. The notice and statement required to be served by the contestant on the contestee constitute the predicate upon which the power of the court is set in motion, and unless served within the time required by the statute the court has no jurisdiction to hear and determine the contest."

The conclusion is inescapable that contestant has not met the requirements of either § 208.01 or § 208.07. These being the only sections relating to procedure in cases of this kind, the fact remains that in neither event is contestant entitled further to litigate any issue here presented.

Order affirmed.

MATSON, JUSTICE (concurring).

I concur in the majority opinion. Contestant did not proceed pursuant to § 208.01, in that the only issue which could be tried thereunder (as I interpret § 208.01 in the light of the qualification contained in § 208.05), namely, as to which candidate received the highest number of votes legally cast, is admittedly not involved herein. Even if the fundamental distinction as to a proper issue for litigation thereunder be ignored, it is clear that the requirements of § 208.07 as to time and manner of service of notice must be observed as a prerequisite to the acquirement of jurisdiction. Although L. 1945, c. 229, by which § 208.07 and certain other election laws were amended, does not specifically mention § 208.01 in its title

(see dissenting opinion), the procedure thereunder for invoking the court's jurisdiction was definitely changed by such amendatory act, in that § 208.01 is, in a jurisdictional sense, by virtue of § 208.05, geared to and governed by § 208.07. It is in the paramount interest of the public welfare that election contests be settled speedily in order that the duties of public office shall not go unperformed for any appreciable length of time because of prolonged uncertainty as to the rightfully elected incumbent. In the interest of this public welfare, the contestant by statute is required to perform *within a specified time and manner* certain acts in order to invoke the court's jurisdiction. These statutory requirements are not merely directory and are not to be disregarded as a matter of form, but are mandatory prerequisites to the acquirement of jurisdiction.

"The authority of courts to entertain election contests is purely statutory. Absent statutory authorization, the courts are without jurisdiction to hear and determine election contests." Johnson v. DuBois, 208 Minn. 557, 560, 294 N. W. 839, 840.

"The right to appeal from the decision of the board of canvassers is purely a statutory one, which the legislature may withhold or give on such terms and conditions that it deems proper." Odegard v. Lemire, 107 Minn. 315, 318, 119 N. W. 1057, 1058.

The legislature has wisely provided a summary and strict procedure to avoid intolerable delay in the adjudication of election contests.

In fairness to contestant and his counsel, it is to be acknowledged that our statutes leave much to be desired as to clarity in the designation of a proper election contest procedure.

MAGNEY, JUSTICE (concurring).

I concur in the special concurring opinion of Mr. Justice Matson.

FRANK T. GALLAGHER, JUSTICE (concurring).

I concur in the special concurring opinion of Mr. Justice Matson.

PETERSON, JUSTICE (dissenting).

This proceeding is one to contest the election of a candidate declared elected district judge, upon the ground of serious violation of

the corrupt practices act. M. S. A. §§ 211.01-211.40.[3] It was so regarded by the contestant. The only question decided below was whether the court had jurisdiction of the proceeding. The trial judge held that the court had not acquired jurisdiction because notice of contest was not served on the contestee and the secretary of state within the time specified for that purpose in the statute. I think that the decision and this court's affirmance of it are erroneous.

Contestant filed and attempted to serve an instrument, referred to herein as a "notice of contest," but which was in effect both a petition and a notice of contest—the former because it set forth fully the facts constituting the grounds upon which the contest was predicated and demanded judgment voiding contestee's election as judge upon the grounds alleged, and the latter because it expressly notified contestee that contestant thereby contested his election. The legal effect of the instrument is not different from two separate instruments—one a petition setting forth the grounds of the contest, and another notifying the contestee thereof.

There is no question as to contestant's right to bring this proceeding. Any contention to the contrary would be frivolous, in view of the explicit provision in § 208.01 authorizing a defeated candidate to make such a contest. This section provides that the contest proceeding shall be instituted by the filing of a petition and that the contest shall be carried on according to law. This contemplates that notice of the contest shall be given under § 208.07, which governs as to questions of notice and procedure, but not as to the filing of the petition. Also, there is no question as to the fact that the so-called "notice of contest"—the petition and notice of contest—was filed with the clerk of the district court within ten days after the canvass of the votes was completed. The question, then, is whether the court's jurisdiction of the contest proceeding depended not only on the due filing of the notice of contest, but also on service of the notice thereof upon the parties required by the statute to be served. My opinion is that jurisdiction depended only on the due filing of the notice of contest. That we have here.

---

[3]See, Flaten v. Kvale, 146 Minn. 463, 179 N. W. 213.

Section 208.07 relates to election contests involving irregularities in the conduct of an election. The contest is initiated by the notice of contest therein provided, which serves the dual purpose of a pleading and a notice. Section 208.01 relates to contests of elections upon grounds of violation of the corrupt practices act. See, Johnson v. DuBois, 208 Minn. 557, 294 N. W. 839. By the terms of the statute, the contest is initiated by the filing of the petition. The language of § 208.01 is: "The proceeding [a contest under the corrupt practices act] shall be commenced by petition filed in the district court * * *." Section 208.07 is important only in the respect that it provides procedure to implement § 208.01 with respect to giving notice, and so on. The provision of § 208.07 requiring "notice of contest" to be filed with the clerk of the district court within ten days after completion of the canvass of the votes and to be served "within said period" upon the official authorized to issue the certificate of election was added as an amendment to § 208.07. By its terms, this section relates to the *notice of contest*, not to a petition filed under § 208.01. Section 208.07 further provides that when the contestee desires to raise points not specified in the notice of contest he may serve a notice upon contestant specifying such points; that the notices shall constitute the pleadings in the case; and that "*All* notices provided for herein shall be served in such manner and within such times as the court may by order direct." (Italics supplied.) The provision for service of *notice of contest* within the time for filing it was introduced by amendment to the statute by L. 1945, c. 229, § 7.

The amendment for service of the notice of contest within the time for filing the notice is not jurisdictional. Prior to the amendment, the settled construction of the statute with respect to election contests, both under the corrupt practices act for violations thereof and under the statute regulating the conduct of elections for irregularities in the conduct thereof, was that the court acquired jurisdiction of the proceeding by filing of the notice of contest, and not the service thereof.

In Hanson v. Village of Adrian, 126 Minn. 298, 300, 148 N. W. 276, involving an election contest where the village had voted to grant licenses for the sale of intoxicating liquor, Mr. Justice Holt, speaking for the court, said:

"* * * The notice of contest was filed within the prescribed time and thereby the court obtained jurisdiction."

In Miller v. Maier, 136 Minn. 231, 234, 161 N. W. 513, 515, 2 A. L. R. 399, where, as here, a petition and notice of contest of an election for violations of the corrupt practices act were *filed* within the prescribed time, we said:

"The filing and serving of the petition, together with the notice, conferred upon the court power to act in the premises, and, after jurisdiction is thus conferred and the court has acted thereon, the jurisdiction cannot be defeated by any number of such petitioners subsequently withdrawing from the petition."

See, 2 Dunnell, Dig. & Supp. § 2983.

Plainly, the language of the statute that the proceeding "shall be commenced" by the filing of a petition in the district court could have no other meaning than that the court should acquire thereby jurisdiction of the proceeding.

Our well-established rule that the filing of the petition in an election contest proceeding confers jurisdiction upon the court is the same as that in probate proceedings, where jurisdiction of the subject matter is acquired by the filing of the petition. Service of notice thereof is not jurisdictional, but is subject to the control of the court. In re Estate of Stenzel, 210 Minn. 509, 299 N. W. 2; Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 A. S. R. 523; 5 Dunnell, Dig. & Supp. §§ 7777, 7783e. See, Jasperson v. Jacobson, 224 Minn. 76, 27 N. W. (2d) 788.

I think that the legislature did not intend by the amendment to change the rule that the filing of a petition to contest an election under § 208.01 for violations of the corrupt practices act confers upon the court jurisdiction of the proceeding. As recently as 1939, the legislature revised the election laws and reënacted § 208.01 with-

out change, thereby adopting the prior judicial construction of it that the filing of the petition therein referred to conferred jurisdiction upon the court of the proceeding. See, Enger v. Holm, 213 Minn. 154, 6 N. W. (2d) 101. L. 1945, c. 229, amended numerous election laws, each of which was enumerated in its title. Section 208.07 was mentioned in the title of that act and amended in the body thereof. Section 208.01 was not mentioned either in the title or in the body. Thereby a legislative intention was manifested that no change was to be effected in § 208.01. That being true, the changes effected by the amendment, so far as here material, related only to § 208.07. These could affect the proceedings under § 208.01 only insofar as they relate to service of notice on the contestee and the official mentioned.

Likewise, there was no repeal of the provisions in § 208.07 relative to the power of the court to prescribe the time and manner of the service of the notice of contest. If the amendment has the effect the majority holds it has, a repeal has been effected without any manifestation by the legislature of such an intention. The fact that the amendatory act is silent with respect to the matter should be conclusive that no such repeal was intended.

It is to be remembered also that the public has an interest in the prosecution of election contests based upon violations of the corrupt practices act separate and apart from that of the contestant and to which any interest of the contestant must yield. Miller v. Maier, 136 Minn. 231, 161 N. W. 513, 2 A. L. R. 399, *supra*. Likewise, an election contest should not be defeated by legal technicalities relating to matters of procedure. Moon v. Harris, 122 Minn. 138, 142 N. W. 12. The result reached by the majority sacrifices public interest and the cause of truth by mere legal technicality.

The instant case is an apt illustration of why the rule should be as it always has been and as I contend it still is. The difficulties with respect to service here arise apparently because contestee was out of the state when service was attempted. Why should such a circumstance defeat the contest? And why should not the district court have not only the power but the duty of dealing with such a

situation? It is hard to believe that the legislature intended otherwise.

The amendment, therefore, should be harmonized so as to give effect not only to its provisions, but also to other parts of the statute. This can and should be done by construing the amendment to be directory as to the time within which the notice is required to be served. Such requirements, absent, as here, a provision prohibiting performance of the act after the time prescribed by the statute, are to be deemed directory. This principle is fully discussed and well stated by Mr. Justice Stone in Bielke v. American Crystal Sugar Co. 206 Minn. 308, 288 N. W. 584. Under such a construction, service should be required to be made within the time specified in the statute, subject to the power of the district court to order otherwise. .It is submitted that this is a desirable and sensible rule. It adapts the rule to the exigencies of actual cases.

True, contestant should apply promptly to the district court for an order directing the time and manner of service. Here, it turned out ultimately that there was occasion for an application to the court to prescribe the time and manner of serving the notice of contest, but the question was neither reached nor decided below. It appears that contestant mistakenly believed that he had made good service on contestee. He made a belated attempt to serve the secretary of state. If the time and manner of service were within the control of the court, there is no reason why the court could not have ordered such service on contestee and the secretary of state as the circumstances demanded. Likewise, there is no reason why the service made on the secretary of state should not have been approved. See, Walden v. Calef, 119 Minn. 165, 137 N. W. 738.

Before contestant became aware of the predicament he was in, contestee moved to dismiss upon the ground .of lack of jurisdiction. Until that question was settled, there was neither opportunity nor occasion for contestant to apply for an order with respect to the matter of service of the notice. The time that has elapsed since the decision below erroneously holding that the court did not have jurisdiction should not be charged against contestant. A party is

never to be charged with the consequences of judicial error, where, as here, he seeks relief from it by a direct attack. For all practical purposes, contestant's right to apply for an order fixing the time and manner of service should be considered as if the trial judge had held that the court had jurisdiction and contestant had applied immediately thereafter for such an order. The case should be sent back to afford him such an opportunity.

In administering election laws, the court should always remember, as pointed out previously and as we held in Miller v. Maier, 136 Minn. 231, 161 N. W. 513, 2 A. L. R. 399, *supra,* that an election contest upon grounds of violation of the corrupt practices act is a matter in which the public has an interest, and, once instituted, is not subject to the control of the contestant. And, as we held in Moon v. Harris, 122 Minn. 138, 142 N. W. 12, *supra,* the important thing is that the truth be ascertained and that the notices be construed as intended to aid, and not hinder, a fair investigation.

I cannot join in finding fault with contestant for alleged inconsistency, if any. After all, courts—we the same as others—make inconsistent decisions by changes of legal rules and shifts of legal doctrine. With most of these I find no fault, because they are part of the corrective process of the law. But, because we ourselves are sometimes inconsistent, how, then, can we find fault with litigants or counsel who are guilty of no more grievous offense on this score than we?

I think that there should be a reversal.

THOMAS GALLAGHER, JUSTICE (dissenting).

I concur in the views expressed by Mr. Justice Peterson.